## REYNOLDS *v*. RAILWAY COMPANY.

### Opinion delivered May 19, 1894.

*Eminent domain—Right of railway to abandon proceedings.*

After a railroad company has deposited a designated amount, subject to the order of the court, to cover any damage that may accrue to a land owner on account of a proposed right of way over his land, under Mansf. Dig., secs. 5464–5, it is entitled, upon dismissing the proceeding, to have the deposit refunded, if it has not entered upon or injured the land, and the proceeding was instituted in good faith.

Appeal from Chicot Circuit Court.

CARROLL D. WOOD, Judge.

*D. H. Reynolds* for appellant.

1.   The court erred in permitting the company to dismiss its suit. The suit is for the sole purpose of fixing the *compensation* to be paid the owner for the right of way. The right of the company to condemn, and of the owner to compensation, cannot be contested;

it is only the manner of condemning and the amount of compensation that can be contested. 43 Ark. 111, 120 ; Beach on Railway Law, 776 ; 44 Ark. 264.

2. Reynolds was entitled to the deposit, and the court should have so ordered. The constitution provides that compensation must be paid, or secured, before the land is appropriated. The judge in vacation may fix the amount to be deposited to secure the land owner, and the statute so providing was held constitutional. 52 Ark. 334, 337. The amount having been fixed by the judge, and order of entry made, the right of the company to enter and construct its road, and the right of the owner to compensation, became *fixed and vested*, and the only matter to be settled was the *increasing or decreasing* of the amount fixed and deposited, by verdict of the jury on final hearing. 52 Ark. 334 ; Cooley on Const. Lim. 704 ; 24 S. W. Rep. 157, 158, 159, 160, 161 and cases cited. The rights of the parties become fixed and vested by the order and deposit. The land owner cannot retake his land, nor the company its deposit. Cooley, Const. Lim. 705 ; 24 S. W. Rep. 157, etc. When the amount of the deposit was fixed, the company had thirty days to elect ; and if not made, the company forfeits all rights. Lewis on Em. Dom. sec. 655 ; Mansf. Dig. sec. 5466. The amount fixed by the judge stands as the true amount of compensation, unless changed by verdict of the jury. Lewis on Em. Dom. 581 ; 24 S. W. Rep. 157 ; Cooley, Const. Lim. 705. By dismissing the suit, the company deprives the owner of the means of having the jury fix the compensation it should be required to pay ; but if not, then the cause should be reversed, and sent back, in order that the compensation at the time of filing the petition to condemn may be determined. 42 Ark. 529 ; 49 *id.* 381, 391 ; 54 *id.* 148. A dismissal of the suit leaves the order of the judge standing, and the owner is entitled to the deposit. 52 Ark. 331. Actual entry by the railroad

company is not necessary to vest the right of way in the company, or the compensation in the owner. Lewis on Em. Dom. 612; Beach, Ry. Law, 848; 18 Wend. 9; Cooley, Const. Lim. 704. The company cannot discontinue proceedings, when once it institutes proceedings to condemn. Beach, Ry. Law, 785; Lewis, Em. Dom. 655; 67 N. Y. 243–249; 42 Ark. 529; 49 *id.* 391; 54 *id.* 148; Lewis, Em. Dom. 581; Cooley, Const. Lim. 704; 71 Me. 137. See also Lewis, Em. Dom. 596; 67 N. Y. 247; 56 *id.* 148; 78 *id.* 59; 34 N. J. L. 275; Lewis, Em. Dom. 612.

*John McClure* for appellee.

1. This question is determined by our statute. The only question settled in 52 Ark. 331 was the validity of our statute permitting an entry upon a deposit being made. Under our statutes, until the jury has fixed the compensation, and the railroad has *paid* it, there has been no lawful taking of the land.

2. The money is deposited subject to the order *of the court*, but it belongs solely to the railroad company. If lost, the railroad bears the loss. 64 Iowa, 281; 13 Kas. 514.

3. The mere filing a complaint confers no right on the land-owner to have the land condemned, or to have compensation therefor. 29 Wis. 324.

4. An action at law will not lie to recover the amount of an award in condemnation, or for having instituted such proceedings. 48 Conn. 86; 27 Vt. 39. Nor can the owner recover attorney fees. 21 Minn. 533.

5. The land is still the owner's until paid for, and he can improve it or do what he will with it. 21 Minn. 126.

6. The suit can be dismissed by the company, as any other suit. Mansf. Dig. secs. 5461, 5102–3; 98 U. S. 406; Lewis on Em. Dom. sec. 656; 120 Ill. 87; 115 *id.* 340; 8 Col. 380.

7.    The company is not bound to take the property at the appraisement.    41 N. J. L. 161; 60 Miss. 706; 66 Ill. 175; 68 *id.* 150; 13 Kas. 500; Mansf. Dig. secs. 5463–5466.    It only forfeits its right *to the land.*

8.    Injunction will not lie to restrain a railroad from a second attempt to condemn the same land.    66 Iowa, 74.

9.    No judgment can be rendered requiring a railroad company to take the land.    17 Kas. 247; 11 Oregon, 283.    Nor will mandamus lie.    17 Ohio St. 108; 60 Mich. 1.

10.    If appellant had been damaged or injured, the deposit stands as security for payment.    In this case there was no entry, no damage, no injury, and the court properly ordered the deposit paid over to its rightful owner.

FLETCHER, Special Judge.    This was a proceeding by the Louisiana, Arkansas & Missouri Railway Company against D. H. Reynolds, in the Chicot circuit court, to condemn a right of way over his lands.    After the railway company had, in compliance with an order of the circuit judge in vacation, deposited $2000, subject to the order of the court, in a bank at Little Rock, to secure Reynolds for any damages which might accrue to him on account of the right of way, it filed a motion for leave to dismiss the proceeding, and to have the amount deposited in bank refunded to it.    This motion was sustained by the court, against the objection of Reynolds, and he has appealed.

The motion alleged "that the plaintiff has not, at any time, entered upon any of the lands described in the petition, or damaged or injured the same; that the plaintiff corporation deems the proposed route impracticable, and too expensive for construction."    Appellant does not deny any of the allegations contained in the motion; nor does he claim that the proceeding was not

instituted by the company in good faith.    His contention is that the "company has no right to dismiss this proceeding without first surrendering the deposit."

The constitution provides that "no property, nor right of way, shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner, in money, or first secured to him by a deposit of money, which compensation    *  *  * shall be ascertained by a jury of twelve men, in a court of competent jurisdiction, as shall be prescribed by law."    Const. art. 12, sec. 9.

The statute relating to proceedings to condemn provides that "where the determination of questions in controversy in such proceedings is likely to retard the progress of work on or the business of such railroad company, the court, or judge in vacation, shall designate an amount of money to be deposited by such company, subject to the order of court, and for the purpose of making such compensation, when the amount thereof shall have been assessed as aforesaid."    "Whenever such deposit shall have been made, in compliance with the order of the court or judge, it shall be lawful for such company to enter upon such land, and proceed with their work through and over the lands in controversy, prior to the assessment and payment of damages for the use and right to be determined as aforesaid."    Mansfield's Digest, sec. 5464, 5465.    In Ex parte *Reynolds*, 52 Ark. 331, it was held that this statute is in harmony with the constitutional provision above quoted, and the order of the judge requiring the deposit in this case was sustained.

The constitution and statute are unambiguous.    The purpose for which the deposit is required is apparent. By making the deposit the railroad company merely acquires the right to enter upon the land and proceed with its work pending an assessment of damages.    Its

right to the property is not complete until the damages have been paid. The deposit is not made *for* the owner of the land, but, to the order of the court, to *secure to* him the payment of such damages as may be awarded by the jury.

The proceeding is purely statutory. There is no provision in the constitution or statute that a party who has once instituted proceedings to condemn property shall be bound to go on and complete the proceedings and take the property. There is nothing in either which works a forfeiture of the deposit, or which fixes a charge upon it, beyond the amount of damages which may be sustained by the land owner by reason of the proceedings. If no damages are sustained by him, none can be awarded by a jury. Lewis on Eminent Domain, secs. 612, 655, 658; *White* v. *Wabash etc. Railroad*, 64 Iowa, 281; *Blackshire* v. *Railroad*, 13 Kansas, 514; *State* v. *Mills*, 29 Wis. 324; *Carson* v. *Hartford*, 48 Conn. 86; *Stacey* v. *Railroad*, 27 Vt. 39; *Bergman* v. *Railroad*, 21 Minn. 533; *Sherwood* v. *Railroad*, 21 Minn. 126; *Boom Company* v. *Patterson*, 98 U. S. 406; *Chicago etc. Railroad* v. *Gates*, 120 Ill. 87; *Denver etc. Railroad* v. *Lamborn*, 8 Col. 380; *O'Neill* v. *Freeholders*, 41 N. J. L. 161; *Williams* v. *Railroad*, 60 Miss. 706; *Peoria etc. Railroad* v. *Railroad*, 66 Ill. 175; *St. Louis etc. Railroad* v. *Teters*, 68 Ill. 150; *St. Joseph etc. Railway Company* v. *Callender*, 13 Kansas, 500; *Corbin* v. *Railway Company*, 66 Iowa, 74; *Ont. Railroad* v. *Wilder*, 17 Kansas, 247; *Oregon Ry. Co.* v. *Bridwell*, 11 Oregon, 283; *Springfield etc. Railroad* v. *Turner*, 68 Ill. 188; *State* v. *Railroad*, 17 Ohio St. 108; *Derby* v. *Gage*, 60 Mich. 1.

Affirmed.

Wood, J., was disqualified.