PINE BLUFF & WESTERN RAILWAY COMPANY *v.* KELLY.

Opinion delivered February 24, 1906.

1. EMINENT DOMAIN—OBJECT OF PROCEEDING.—A suit by a railroad company to condemn land for right of way is a special proceeding whose

sole object is to ascertain the compensation that the railroad company shall pay for the right of way. (Page 86.)

2. Same—measure of damages.—The measure of damages allowed for taking land for right of way is the market value of the land from the building of the road across it and from floods or overflows caused by the construction of the same. (Page 86.)

3. Same—abandonment—damages.—Where a railroad company instituted proceedings to condemn a right of way, and used the land for a short time, and then abandoned it, the measure of damages in such case is the rental value of the land in the condition in which it was when taken for the time it was occupied, and the depreciation in value thereof by reason of timber cut and other acts done thereon by the railroad company, and the damage resulting to the remainder of the owner's land from the building of the road across it and from overflow caused by the construction thereof; but for all other damages occasioned by torts committed or wrongs done by the railway company the owners have remedies in actions to recover the same. (Page 86.)

Appeal from Grant Circuit Court; *Alexander M. Duffie,* Judge; reversed.

*Austin & Danaher,* for appellant.

It was error to admit testimony as to the value of timber cut, without showing that it was cut from the right of way. It was also error to admit testimony as to damage to the crops caused by fire, and the value of timber cut, both of which occurred after the suit was brought. 44 Ark. 362.

*E. H. Vance, Jr.,* for appellees.

Where personal property is destroyed by the taking of land for a railroad right of way, its value is a proper element of damage. This rule applies in cases where growing crops are destroyed. 3 Elliott on Railroads, 1438. The assessment embraces all past, present and future damages which the location of the road may reasonably produce. Pierce on Railroads, 229; Mills on Em. Domain, § § 216, 218.

Battle, J. In May, 1902, the Pine Bluff & Western Railway Company instituted a proceeding in the Grant Circuit Court to condemn a portion of northwest quarter of section 18, township 5 south, range 11 west, in Grant County, in this State, for right of way for its railway.

In order to prevent any delay in the construction of its railway over the land, the judge of the Grant Circuit Court, in the

vacation of the court, designated the sum of fifty dollars to be deposited in the Merchants & Planters Bank, of Pine Bluff, Arkansas, by the railway company, subject to the order of the court, and for compensation for right of way when the amount thereof shall have been assessed, and authorized it to take possession of a right of way fifty feet wide through and across the land when the deposit was made. The deposit was made as directed, and the railway company constructed its road over the land.

Dave Kelly and N. M. A. Kelly, the owners of the land, filed an answer, and alleged that the railway company, before the proceedings to condemn right of way were instituted, without their knowledge or consent, entered upon the land and cut timber thereon, to their damage; and that, since the proceedings were instituted, the railway company, through its agents and servants, set fire out on the land, and burned six panels of their fence, and caused stock to get into their fields and destroy their crops.

Some time after filing their answer, they were allowed to amend it as follows: "That the actual damage to the land is $100, caused by the building of its dump and damming up the creek and causing the land to overflow herein since the filing of this answer. It, through its agents and servants, has 45 other trees, to defendants' damages $22.50, cut and used in January, 1903, in repairing its bridges on its road established across our land and extending its spur, which it now has abandoned."

The railway company filed a motion to strike the answer and amendment from the files of the court, and a demurrer to the same, which were overruled.

Afterwards the railway company moved to dismiss its petition for a right of way over the land, saying that it had abandoned the right of way, and removed its tracks therefrom and restored the land to its original condition; and the court dismissed the petition.

The railway company having appropriated a part of the land for a right of way for a short time, the court caused a jury to be impaneled to assess the compensation to which the owners are entitled for such use. It allowed the owners to prove that timber was cut upon their land, and the value of it, without showing that it was on the right of way, and damage to their crops caused

by stock getting into the field through a gap in the fence burned by fire alleged to have been originated by the agents or servants of the railway company. Evidence to prove such damages was admitted without regard to their being any part of the compensation for the right of way. The court instructed the jury to allow to the owners the market value of the timber cut and of the crops destroyed as damages. The court erred in admitting such evidence and instructing the jury.

The proceeding prescribed by the statutes of this State for the condemnation of land for right of way for a railroad is special. Its sole object is to ascertain the compensation that the railroad company shall pay for the right of way. *Reynolds* v. *Railway Company,* 59 Ark. 171; *Mountain Park Terminal Railway Company* v. *Field,* 76 Ark. 239. The measure of damages allowed for the taking of land for right of way is the market value of the land so taken and the damage resulting to the owner's remaining land from the building of the road across it, and from floods or overflows caused by the construction of the same. *St. Louis, Arkansas & Texas Railway* v. *Anderson,* 39 Ark. 167; *Springfield & Memphis R. Co.* v. *Rhea,* 44 Ark. 258; *Springfield & Memphis R. Co.* v. *Henry,* 44 Ark. 360.

But in this case the right of way was never acquired. It was used for a short time and then abandoned. It would reasonably follow that the measure of damages in this case is the rental value of the land taken for right of way, in the condition in which it was when taken, for the time it was occupied, and the depreciation in the value thereof by reason of the timber cut and other acts done thereon by the railway company, and the damage resulting to the remainder of the owner's land from the building of the road across it, and from the flooding or overflow caused by the construction thereof, the time of the occupancy of the same considered.

For all other damages occasioned by torts committed or wrongs done by the railway company the owners have remedies in actions to recover the same.

Reverse and remand for a new trial.