## UNITED STATES v. YAZOO & M. V. R. CO. et al.

### No. 20324.

District Court, E. D. Louisiana.

Aug. 22, 1933.

E. E. Talbot, U. S. Atty., and J. W. Hopkins, Sp. Asst. to U. S. Atty., both of New Orleans, La., for the United States.

J. Carter Fort, of Chicago, Ill., and Lemle, Moreno & Lemle and A. A. Moreno, all of New Orleans, La., for respondents.

BORAH, District Judge.

This proceeding, which involves the condemnation of flowage and levee rights over the property, right of way, and railway line and tracks of the respondent Yazoo & Mississippi Valley Railroad Company et al., was instituted by the United States under the Act of Congress approved May 15, 1928, commonly known as the Flood Control Act, § 4 (33 USCA § 702d). Pursuant to the terms of the statute, and for the purpose of ascertaining the value of the property and assessing the compensation to be paid, three commissioners were appointed and instructed as to their duties. After hearings which consumed many days in the taking of testimony and at which numerous witnesses were examined and exhibits received, the commissioners, under date of March 27, 1933, filed their report and award fixing the compensation of this respondent in the amount of $1,386,470.37. To this report the government filed exceptions and objections and, pending a determination of the issues thus raised, requested a rereference for the purpose of determining exactly and in detail how the commissioners had reached their award and whether they had followed correct principles in so doing. Failing in this, argument was heard on the exceptions and the cause submitted. In this state of the record the government filed the following motion: "Now into Court comes the United States of America, plaintiff herein, through the United States Attorney in and for the Eastern District of Louisiana, acting under and in accordance with instructions from the Attorney General and in compliance with the request of the Secretary of War, and does declare and aver that it desires to, and does hereby discontinue, dismiss and abandon this said proceeding."

The respondent now moves that the paper or document filed herein purporting to dismiss and abandon this proceeding be dissolved and stricken from the file for the paramount reason that there has been a taking and the right to compensation has become fixed. The government concedes that there can be no dismissal of the proceeding if such be the circumstances.

At the inception it is to be observed that the United States in its pleading does not say that the Bonnet Carre Spillway project has been abandoned. That is not and could not be its position, because its creation and operation is statutory, and it does not lie within the power of any individual or group of administrative officers to abandon either the project or its operation when the flood stage at New Orleans has reached twenty on the Carrollton gauge. What it does seek by this pleading is an abandonment of what it has declared necessary and advantageous to acquire by condemnation; namely, the full, complete and perpetual right, power and privilege to enter upon and construct levees on and to overflow the strip of land lying in the floodway and on the sites of the upper and lower guide levees of the spillway in the construction, operation, and maintenance of the said spillway; a proceeding which it was compelled to initiate because the owners and lessees or claimants had not fixed a price for the easement or easements required for the flowage of water through the spillway which was reasonable in the opinion of the Secretary of War.

The petition of the government which practically tracks the language of the statute alleges that, in accordance with the provisions of the rivers and harbors act (33 USCA § 591

et seq.), which is made applicable to the acquisition of lands, easements, or rights of way needed for works of flood control, certain and adequate provision has been made for the payment of just compensation to the owners, lessees, and claimants of the easement or easements sought to be condemned. And the act in express terms provides that: "The United States, upon the filing of the petition in any such proceedings, shall have the right to take immediate possession of said lands, easements, or rights of way, to the extent of the interest to be acquired, and proceed with such public works thereon as have been authorized by Congress; Provided, That certain and adequate provision shall have been made for the payment of just compensation to the party or parties entitled thereto. * * * " 33 USCA § 594. The act further provides that: "The respondent or respondents may move at any time in the court to increase or change the amounts or securities, and the court shall make such order as shall be just in the premises and as shall adequately protect the respondents. In every case the proceedings in condemnation shall be diligently prosecuted on the part of the United States in order that such compensation may be promptly ascertained and paid." This language would seem to clearly indicate that where there has been a compliance with the condition imposed relative to the payment of just compensation that title passes to the United States upon the filing of the proceedings. For unless the property has been taken, and respondent has a present right in the compensation, it is unreasonable to assume that Congress would give to a litigant the right to demand further security over and above that provided by the United States. However, if there can be any doubt on the subject, this doubt is dispelled by the record which shows a completed taking in fact.

The testimony and the exhibits in evidence show that after this proceeding was instituted the government immediately began the construction of the Bonnet Carre Spillway structure and the erection of side levees. The divers progress reports of the Mississippi River Commission show the extent to which this work continued and progressed. The reports for the months of June and October, 1931, contain the following language: "The Bonnet Carre Spillway structure has been completed and the side levees are being raised to final grade. The existing gaps for railroads and bridges can be closed quickly in time of emergency and the Spillway operated if public necessity should demand."

The progress report of November, 1932,

is couched in identical language, save that it recites that the side levees have been raised to final grade.

It is unnecessary to bring into review all of the evidence that bears on this factual issue, as same is in complete accord with the reports of progress of the Mississippi River Commission that the work has been completed. The fact that the existing gaps have not been closed, and that the main levee between the spillway and the river has not been cut, is of no material importance, considering the magnitude of the work. For all practical purposes the spillway is, and has been since June, 1931, complete and ready for operation whenever the need therefor shall arise. The United States has acquired and taken every right needed for the spillway project, and the property of the respondent has to all intents and purposes been subjected to every possible use contemplated by the taking.

These facts show a taking within the principles of law applicable and give rise to compensation in favor of the respondent. Kincaid v. United States (D. C.) 37 F.(2d) 602. This case was later affirmed by the Circuit Court of Appeals, 49 F.(2d) 768, and thereafter went to the Supreme Court, where it is reported under the title of Hurley v. Kincaid, 285 U. S. 95, 52 S. Ct. 267, 269, 76 L. Ed. 637. In reversing the decision on grounds which had not been considered by the courts below, the court said: "We may assume that, as charged, the mere adoption by Congress of a plan of flood control which involves an intentional, additional, occasional flooding of complainant's land constitutes a taking of it—as soon as the government begins to carry out the project authorized. Compare United States v. Lynah, 188 U. S. 445, 469, 23 S. Ct. 349, 47 L. Ed. 539; United States v. Cress, 243 U. S. 316, 326, 328, 37 S. Ct. 380, 61 L. Ed. 746; Peabody v. United States, 231 U. S. 530, 538, 34 S. Ct. 159, 58 L. Ed. 351; Portsmouth Harbor Land & Hotel Co. v. United States, 250 U. S. 1, 39 S. Ct. 399, 63 L. Ed. 809; Id., 260 U. S. 327, 329, 43 S. Ct. 135, 67 L. Ed. 287." While it is true that this language was clearly dictum, the court, nevertheless, enunciated a well-recognized principle of law that has received recognition and been applied in the cases which it cited.

The motion of the respondent will be allowed, and the document filed herein by the United States purporting to dismiss and abandon this proceeding will be stricken from the record.