## MISSOURI PACIFIC RAILROAD CO. *v.* HAZEL HUGGINS

5-6027                                                      485 S.W. 2d 723

Opinion delivered October 23, 1972

*William J. Smith* and *George Pike Jr.*, for appellant.

*Lonnie C. Turner, Jack Yates* and *John J. Cravens*, for appellee.

LYLE BROWN, Justice. The single issue on appeal is whether appellant railroad can, after order of entry and completion of work but before trial, dismiss its eminent domain proceeding and restrict its liability only to damages caused by its occupancy of the land.

Appellee's land joined the railroad right-of-way. Located on the land was a large protruding rock which was thought to be in danger of falling over on the right-of-way. The railroad petitioned the chancery court to enter upon the land and remove the rock. Permission was denied and the court granted the landowner's motion that the matter be transferred to circuit court and that the railroad be required to proceed as in eminent domain cases. Thereafter the railroad filed a condemnation proceeding in circuit court to condemn .85 of an acre. The prayer of the complaint asked that the land be condemned as a part of appellant's right-of-way. Deposit was made and an order of entry obtained, whereupon the railroad entered the property and removed the rock. The railroad subsequently filed a motion to dismiss the eminent domain complaint subject to the landowner's right to assert a claim for any damages sustained. That motion was denied and the railroad was put to trial. The theory of the case, as explained to the jury in instructions, was that appellant was to pay for the taking of the .85 of an acre by easement; and that the measure of damages was the difference in fair market value of the lands before and after the taking.

First, we point out that there was no appeal from the order of the chancery court which placed the matter in circuit court. Secondly, we have been cited to no precedent which fits the facts of the case before us. Appellant urges that a case squarely in point is that of *Reynolds* v. *Railway Co.,* 59 Ark. 171, 26 S.W. 1039 (1894). There we find this general statement:

> There is no provision in the constitution or statute that a party who has once instituted proceedings to condemn property shall be bound to go on and complete the proceedings and take the property. There is nothing in either which works a forfeiture of the deposit, or which fixes a charge upon it, beyond the amount of damages which may be sustained by the landowner by reason of the proceedings.

*Reynolds* did not involve an entry by the railroad. The petition had been filed and a bond had been posted; the next procedure was the filing of a motion by the railroad to dismiss the proceedings. The right to withdraw their petition was approved by this court. We are furnished one other citation in support of appellant's theory, *Pine Bluff & Western Ry. Co.* v. *Kelly,* 78 Ark. 83, 93 S.W. 562 (1906). There the trial court dismissed the petition for condemnation after the railroad had built its right-of-way thereon. There was no appeal from that order. The only question on appeal was the measure of damages to which the landowner was entitled.

We hold that when a railroad posts bond, obtains an order of taking, enters upon the property and completes its work, it is obligated to pay just compensation based upon the difference in fair market value before and after the taking. This is based upon the rule in many states that fundamental fairness dictates that there should be a point at which the railroad cannot turn back and escape the payment of full compensation based on a taking. 6 *Nichols Em. Dom.* §§ 26.42, 26.42 [1]; *Brazos R. Conservation & Reclamation Dist.* v. *Allen,* 141 Tex. 208, 171 S.W. 2d 842 (1943); *United States* v. *Yazoo & M.V.R. Co.,* 4 F. Supp. 366 (E. D. La. 1933). We have reviewed

the special statutes under which railroads exercise condemnation, Ark. Stat. Anno. § 35-201 *et seq.* (Repl. 1962), and our holding does not offend those statutes. Furthermore, our view harmonizes with our constitution, Art. 12, § 9, which provides that a corporation cannot appropriate land to its use without first paying full compensation therefor.

Finally, we point out that the trial court instructed the jury on damages based on a taking. There were no objections to the giving of those instructions.

Affirmed.