GILBERT v. SHAVER.

Opinion delivered June 21, 1909.

1. INJUNCTION—UNLAWFUL USE OF ANOTHER'S PROPERTY.—A taking of private property for private use, as where a sawmill company undertakes to build a tram or log road across another's property without his consent, may be restrained at the suit of the injured party. (Page 237.)

2. APPEAL AND ERROR—ORDER TRANSFERRING CAUSE.—An appeal will not lie from an order of the chancery court transferring a cause to the circuit court. (Page 238.)

3. SUPREME COURT—JURISDICTION TO AWARD MANDAMUS.—Where a chancery court erroneously decides, under a mistake of law, and not as a decision of fact, that it has no jurisdiction in a case, and declines to proceed in the exercise of its jurisdiction, a mandamus to proceed will lie from the Supreme Court, unless there is a specific and adequate remedy by appeal or writ of error. (Page 238.)

4. EMINENT DOMAIN—TAKING PROPERTY FOR PRIVATE USE.—Where a railroad company institutes an action at law to condemn land for its right of way, an answer and cross-complaint which denies that plaintiff is seeking to condemn the land for public purposes, and alleges that the appropriation of defendant's land is for the purpose merely of hauling logs across defendant's land, and asks that plaintiff be restrained from interfering with defendant's ownership, states a good defense in equity, and the cause should, on motion, be transferred to that court. (Page 239.)

Mandamus to Howard Chancery Court; *James D. Shaver,* Chancellor; writ granted.

*W. C. Rodgers,* for petitioner.

1. The answer and cross-complaint state facts entitling defendant to relief in equity. (1) Fraud. 29 Ark. 612, 617. Relief by injunction. 29 Ark. 139, 141; 74 Ark. 421, 425; 77 Ark. 221. All the necessary allegations are made. 46 Ark. 96, 102; 48 Ark. 312, 316; 56 Ark. 93-95.

2. A railroad cannot exercise the right of eminent domain for private use. 57 Ark. 359; 74 Ark. 425. If it attempts it, it may be enjoined. 76 Ark. 239; 43 Ark. 11.

3. As the chancery court had jurisdiction, it should administer complete and adequate relief, legal and equitable. 77 Ark. 570-6; 83 Ark. 554-61; 84 Ark. 140-5; 46 Ark. 34; 52 Ark. 414; 37 Ark. 292; 75 Ark. 55, etc.

4. Petitioner is without remedy unless the court grants relief upon the allegations in the answer and cross-complaint, not by what may be shown in evidence at the trial. The writ should be granted, as it does not control the judicial discretion of the court. Const. 1874, art. 2, § 13, art. 7, § 4; 74 Ark. 352; 7 Ark. 262; 13 Ark. 41; 44 Ark. 100; 45 Ark. 346; 66 Ark. 347; 77 Ark. 585.

*Sain & Sain* and *John S. Kirkpatrick,* for respondent.

1. The DeQueen & Eastern Railroad Company is a railroad corporation, seeking a right of way on making compensation to the owner. The only question is one of damages, and it is entitled to a jury trial. No issue can be raised as to its right to condemn. Its motives cannot be inquired into. Const. art. 12, § 9; 20 L. R. A. 434; 76 Ark. 243-4.

2. A *procedendo* may be awarded when lower courts delay the parties, or where a cause is removed on insufficient grounds. 19 Am. & Eng. Enc. Law (1 Ed.) 218. No such case is presented here.

BATTLE, J. This is an original action in this court for a writ or order commanding the Hon. James D. Shaver, chancellor of the chancery court of Howard County, in the Sixth Chancery District of Arkansas, for a writ of *procedendo* or order from this court directing and requiring the said chancellor to take cognizance of and try the cause of DeQueen & Eastern Railroad Company *v.* P. S. Gilbert, brought to the February, 1909, term of

the Howard Circuit Court, and by that court transferred to the chancery court of Howard County upon the filing of an answer and cross-complaint by the defendant setting up facts calling for the powers and jurisdiction of a court of equity. The petition, omitting the caption, is as follows:

"Comes P. S. Gilbert, petitioner, and for his cause of action herein states:

"1. That on the 28th day of September, 1908, the DeQueen & Eastern Railroad Company, an Arkansas corporation, filed its complaint in the Howard Circuit Court, alleging that it was a duly incorporated railroad company, organized and existing under the laws of Arkansas.

"2. That the defendant, P. S. Gilbert, is the owner of the S. W. ¼ of S. W. ¼ of Sec. 32, Tp. 8 S., R. 28 West, in Howard County, and that, in order to successfully prosecute its business and fulfill the obligations of its charter, and in order that it may properly enjoy the benefits of its charter, it is obliged to construct its line of railroad over and across the above described land, and is obliged to secure the right of way across the same. That defendant refuses to sell to plaintiff the right of way across said tract, or to permit the railroad to be constructed over his said land.

"3. That said land is only partially improved, and that a very small part thereof is in cultivation.

"Prayer that a jury may be impaneled to determine the question of the amount of damages the defendant is entitled to receive for the right of way across said land, and that costs be adjudged against defendant.

"As supplemental to the complaint, the said DeQueen & Eastern Railroad Company presented to the Hon. James S. Steel, judge of the Ninth Judicial Circuit of Arkansas, in vacation, its petition setting up the fact that the complaint had been filed and summons issued, and asking that he make an order in vacation designating an amount to be deposited by said railroad company, for the purpose of making compensation when the amount thereof has been ascertained by the proceedings instituted.

"Upon hearing said petition in vacation the said circuit judge directed the said railroad company to deposit in the Bank of Dierks $55 for the purpose of making compensation to the de-

fendant for damages for right of way across the land mentioned when the same shall have been ascertained according to law.

"In due time the defendant in that cause, and petitioner in this, filed in the Howard Circuit Court his answer and cross-complaint, in which he admitted that he was the owner of said tract, and alleged that the plaintiff had taken possession of part thereof and constructed across same a tram railroad. In addition to the land mentioned in said complaint as belonging to petitioner herein, he alleged that he owned the following tract in section 31, immediately adjoining said section 32, to-wit: Beginning at the southwest corner of said section 31 and running thence west to Sand Creek; thence in a northeast direction up and along the channel of said creek to the line of said section 31; thence south to point of beginning. He denied that, in order to successfully prosecute its business and fulfill the obligations of its charter, and in order that it may properly enjoy the benefits of its charter, the said DeQueen & Eastern Railroad was obliged to construct its lines of railroad over and across the above described land or any part thereof. He denied that plaintiff was obliged to secure the right of way across the same or any part thereof. He admitted that plaintiff had offered to buy the right of way across his said land mentioned in plaintiff's complaint, and that he had refused to sell same. Further, that he still refuses to permit plaintiff to enter any part of his land for the purpose of building said tram or spur track or any other track. He alleged, moreover, that plaintiff is not a common carrier over his said land or any part thereof, and never was, nor does it ever intend to be. The plaintiff has tortiously and in disregard and defiance of the rights of plaintiff, *vi et armis,* entered upon the said land and built a tram over same. That in constructing the said tram the plaintiff, acting without the law and beyond any right of eminent domain, entered upon said land of defend-ant, made excavations and embankments through and upon which the said tramroad was to run. That they cut up the said land and diverted the natural courses of the water so as to greatly damage his said land. That the direction of the tramroad is angling across the said land, thereby greatly damaging it for agricultural purposes and making the use of same inconvenient and of greatly less value than before the construction of said tramway.

That, by reason of said construction of said tramroad, the defendants have been damaged in the use, value and enjoyment of said land in the sum of two hundred dollars.

"The defendant further alleged that the purpose and object in building the said tramroad or spur over and across his land is to reach certain logs of the Dierks Coal & Lumber Company. That this spur or tram has been laid and constructed over and upon said land of defendant for no other purpose. That the DeQueen & Eastern Railroad Company has a number of spurs or trams in Howard County, used only for the purpose of hauling logs for said Coal & Lumber Company. That the said tramway has been constructed since about October 1, 1908. That it has, since that time, been continuously used by the said plaintiff as a log road and for no other purpose. That the plaintiff does not carry any passengers or freight for the public, or otherwise carry out the duty imposed by law on common carriers on or over the said tramroad or any part thereof. That it has never done so and does not intend to do so. That the appropriation of said land for use of said tram is not in good faith as a railroad company and common carrier of freight and passengers over the same or any part thereof. That plaintiff is attempting to misuse the power of eminent domain, and has not even attempted, in building and maintaining the said tram or spur, to comply in good faith or otherwise with the duty imposed by law on railroad corporations vested with the right of eminent domain. That plaintiff is seeking the aid of the courts in evading the laws of this State, and is tortiously taking and appropriating, over the continual objection and protest of defendant and in defiance of his rights in the quiet and peaceable enjoyment of the property, the land in controversy.

"Making his answer and all the statements and allegations thereof his cross-complaint, defendant prayed that the cause be transferred to equity; that he recover of plaintiff $250 damages to his land; that the plaintiff, its agents, servants, representatives and assigns and all and every one of them be perpetually enjoined and restrained from passing over, going upon or in any way interfering with the said land and every part thereof; that the title and claim of the defendants be forever quieted and assured; that the defendant have judgment against plaintiff for all costs, and have all other equitable and general relief.

"At the February, 1909, term of the Howard Circuit Court, the cause was transferred to equity. At the May, 1909, term of the chancery court of Howard County, the court, upon motion of the plaintiff, remanded the cause to the Howard Circuit Court.

"The chancery court was of the opinion that the facts set up in the answer and cross-complaint were not sufficient to justify a chancery court in taking jurisdiction, held that defendant had an adequate remedy at law, and refused to take jurisdiction and remanded the cause to the lower court.

"The foregoing are all the pleadings in the case and all the orders of the Howard Circuit Court and the chancery court of Howard County therein.

"The petitioner further states that the Hon. James D. Shaver refuses to try the said cause; that he contends that the defendant has an adequate remedy at law, and that he is not entitled to come into equity for relief under the foregoing pleadings. Further, that the said chancellor will not now nor at any future time take cognizance or jurisdiction of said cause and try the same on the merits unless directed and required so to do by this court.

"Premises considered, petitioner prays this court that, by virtue of its general superintending control over all inferior courts of law and equity, and by virtue of the appellate and supervisory jurisdiction vested in it by the constitution and the power given it to issue all remedial writs and to hear and determine the same, as well as by virtue of its inherent and common law powers as an appellate court, this court issue its writ of *procedendo,* or such other writ or process to which petitioner is entitled under the facts, commanding, requiring and directing the said James D. Shaver, chancellor of the Sixth Chancery District of Arkansas, to take and assume jurisdiction of said cause and try and determine the same, to the end that petitioner may have full and adequate relief and a complete remedy for all the wrongs he has suffered in the premises at the hands of the said DeQueen & Eastern Railroad Company, and that he have all other relief to which he may be entitled.

"*W. C. Rodgers,* for petitioner."

The respondent filed his answer to the petition, and denied that petitioner was entitled to the relief which he asks.

The effect of the answer and cross-complaint, filed by petitioner in the proceeding instituted by the DeQueen & Eastern Railroad Company in the Howard Circuit Court, was to show that the railroad company was seeking to condemn a right of way over petitioner's lands solely and exclusively for a private use, and to ask for an order to prevent it so doing.

In *Mountain Park Terminal Railway Co.* v. *Field, 76* Ark. 239, the railway company sought to have lands of defendant condemned for right of way. The defendant answered and alleged facts which showed that the railway company was seeking to have his lands condemned exclusively for private use. Plaintiff filed a motion to strike the answer from the files of the court, which the court overruled. After hearing all the evidence, the court found the allegations of the defendant's answer to be true, and dismissed the petition of the plaintiff for right of way. In that case this court said:

"But are the defendants without a remedy? Property cannot be taken from its owner without his consent, even under an act of the Legislature, and appropriated solely and exclusively to the private use of another person or corporation. Courts have the power to determine whether a particular use for which private property is authorized by the Legislature to be taken is in fact a public use. As an incident to this power, in the absence of a statutory remedy, a court of equity has the power to restrain a railroad corporation from taking property for a private use.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"So, individuals cannot combine as a railroad corporation, and convert property of individuals solely and exclusively to their private use. That would be an abuse of the power to form such corporations under the statutes, and contrary to their spirit and intent, and 'may be restrained by private suit by those injured or about to be.'"

In that case this court reversed the judgment of the circuit court, and remanded the cause with leave to appellee, the defendant, to amend his answer so as to invoke equitable relief; and with directions to the court, when so amended, to transfer the cause to the proper chancery court.

In DeQueen & Eastern Railroad Company *v.* P. S. Gilbert, the petitioner in the case before us filed an answer and cross-

complaint, as before stated, and asked that the cause be transferred to the Howard Chancery Court, and the circuit court granted the motion, and made the transfer, and the chancery court refused to exercise jurisdiction, and ordered that the cause be remanded to the circuit court.

No appeal can be taken from the order to transfer to the circuit court. *Womack* v. *Connor*, 74 Ark. 352. What is petitioner's remedy? It has often been held that "where a court declines jurisdiction by mistake of law, erroneously deciding as a matter of law," and not as a decision of fact, that it has no jurisdiction, and declines to proceed in the exercise of its jurisdiction, the general rule is that a mandamus to proceed will lie from any higher court having supervisory jurisdiction, unless there is a specific and adequate remedy by appeal or writ of error. In re *Grossmayer*, 177 U. S. 48; In re *Connaway*, 178 U. S. 421; *Cahill* v. *Superior Court*, 145 Cal. 42; *De la Beckwith* v. *Superior Court*, 146 Cal. 496; 26 Cyclopedia of Law and Procedure, 190, and a long list of cases cited.

In re *Grossmayer*, 177 U. S. 48, the court said: "The objection to the form of remedy cannot be sustained. A writ of mandamus, indeed, cannot be used to perform the office of an appeal or writ of error, to review the judicial action of an inferior court. A final judgment of the circuit court of the United States for the defendant upon a plea to the jurisdiction cannot therefore be reviewed by writ of mandamus. But if the court, after sufficient service on the defendant, erroneously declines to take jurisdiction of the case or to enter judgment therein, a writ of mandamus lies to compel it to proceed to a determination of the case, except where the authority to issue a writ of mandamus has been taken away by statute."

In *Cahill* v. *Superior Court*, 145 Cal. 44, the court said: "This court has held that where the jurisdiction of the superior court to try a cause or hear an appeal depends on the evidence of certain facts, and that court has, upon evidence consisting either of affidavits or of the record, made its determination as to the facts, although erroneously, this court cannot in mandamus proceedings go behind this determination, and itself consider from the evidence whether or not the jurisdiction existed." The court, after giving cases as illustrations of the rule, said:

"The distinction between this class of cases and the case at bar is this: In all these cases the superior court was called upon to consider either the sufficiency of certain facts established by the record, or certain facts determined by that court upon evidence properly addressed to it, to give it jurisdiction to proceed with the particular case then before the court, and with its decision, after such consideration, this court cannot interfere by mandamus. In the case at bar there was no question of fact involved, and the superior court decided that, as a matter of law purely, it could not in any case vacate an order made under the provisions of section 1465 of the Code of Civil Proceedure setting apart a homestead. This was a proposition not dependent on any facts whatever, but wholly upon a consideration of the powers of the court as defined by the Constitution and by statute. * * * The law specially enjoins upon the superior court, and upon the judge thereof, the duty of hearing and determining all matters which are within its jurisdiction and which come properly before it. The motion under consideration did come properly before that court, but the judge decided as a matter of law, and upon the statute and Constitution only, that the court had no power in any case to make orders of the kind there applied for, and upon that ground only refused to proceed to the merits of the application. If the person holding the office could thus decide what were the duties pertaining thereto which the law specifically enjoins him to perform, the writ of mandamus would be practically useless. The decision refusing to act which gives occasion for the writ would also furnish sufficient cause for denying it. As was well said in *Temple* v. *Superior Court,* 70 Cal. 211, 'the court cannot, by holding without reason that it has no jurisdiction of the proceedings, divest itself of jurisdiction and evade the duty of hearing and determining it.' "

In the case before us the determination of the jurisdiction of the court did not depend upon the finding of facts. They were stated in the pleading, in the answer and cross-complaint of the defendant. The jurisdiction of the court was purely a question of law. The court, having erroneously decided that in the negative, may be compelled by mandamus to proceed to exercise it.

It is therefore ordered that the clerk of this court issue a writ of mandamus in accordance with prayer of petition.