ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* FAISST.

Opinion delivered April 24, 1911.

1. EMINENT DOMAIN—ISSUES.—In the special statutory proceeding to ascertain the compensation to be paid the owner of land sought to be condemned for railroad purposes no provision is made for an issue upon the right to condemn. (Page 63.)

2. SAME—REMEDY OF OWNER.—Equity has power to restrain a railroad company from taking land for a private use. (Page 63.)

3. SAME—LIMITATION AS TO AMOUNT TO BE ACQUIRED.—Kirby's Digest, § 2940, limiting the width of the right-of-way to be acquired by railroad companies, does not apply to lands sought to be condemned for stations, depots and other accommodations necessary to accomplish the object for which the railroad companies are created. (Page 64.)

4. SAME—FAILURE TO ANSWER CROSS COMPLAINT—EFFECT.—The rule that a cross complainant, by going into trial on his cross complaint without insisting on an answer, waives the failure to answer does not apply where a railway company seeks to condemn land for railroad purposes, as no answer is necessary in such case, the amount of damages being the only question involved. (Page 64.)

5. SAME—REMEDY OF OWNER—PROCEDURE.—Where the owner of land desires to restrain the taking thereof for an unlawful use, he should file a plea in the condemnation suit setting out the facts entitling him to relief, and ask for a transfer to equity. (Page 65.)

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

*W. E. Hemingway, E. B. Kinsworthy, H. S. Powell* and *James H. Stevenson,* for appellant.

The court erred in submitting to the jury the question of the right of condemnation or the necessity therefor, instead of submitting only the question of the assessment of damages. Plaintiff having filed no answer to the cross-complaint, it should have been taken as confessed. 8 Ark. 279; 71 Ark. 364; 74 *Id.* 104; Const. art. 2, § 22, art, 12, § 9; Kirby's Dig. § § 2938, 2939, 2947, 2952; 76 Ark. 239; 43 *Id.* 111; 45 *Id.* 278; 78 *Id.* 83; 59 *Id.* 171.

*W. H. Holleman* and *W. R. Donham,* for appellee.

Failure to answer a cross-complaint is waived where the party goes to trial without insisting on an answer. 90 Ark. 156; 83 *Id.* 154; 71 Ark. 362; 74 *Id.* 104; 80 *Id.* 74.

It is conceded that within the six-rod limit the owner cannot defend on the ground that the railroad is not entitled to condemn, and that the only question is the amount of damages. 76 Ark. 239; 43 *Id.* 111; 45 *Id.* 278; 78 *Id.* 83; 59 *Id.* 171. But this strip is without the six-rod limit. Kirby's Dig. § § 2937-9. Necessity for more must be shown. 64 Ark. 357; 69 *Id.* 104; 10 Am. & E. Enc. Law, 1051; Cooley, Const. Lim. 530, 531. The finding of the jury as to the necessity for public use is conclusive. 73 Ark. 377; 76 *Id.* 326; 67 *Id.* 399; 74 *Id.* 478; 76 *Id.* 115; 70 *Id.* 512.

McCulloch, C. J. Appellees instituted an action in the circuit court of Saline County against appellant railway company to recover the alleged amount of the rental value of a small strip of land in the village of Bryant, a station on appellant's railroad adjoining its right-of-way, the same being covered by a spur track running from the main track of appellant's railroad. Appellant filed answer tendering an issue upon the allegations of the complaint, but those issues were settled by the verdict of the jury; and, no exceptions being saved, that branch of the case passed out of the controversy. Appellant filed a cross complaint against appellees, alleging, in substance, that the land in question, containing one-sixteenth of an acre, was in possession of

the appellant, and that it is necessary for use by appellant as a switch and loading track at Bryant. The cross-complaint contained all the necessary allegations for an action to condemn the property for railroad purposes, and concluded with a proper prayer for condemnation and assessment of the owner's damages. Appellees filed no answer to the cross-complaint, and on a trial of the case the court, over appellant's objections, submitted to the jury for determination the question whether or not the strip of land in question is necessary for appellant's use in the conduct and operation of its business, and instructed the jury that appellant "must show by a fair preponderance of the evidence that the triangular strip of land belonging to the plaintiffs on which the track is now located is necessary for its practical use in the conduct and operation of its business before it is entitled to take said strip by condemnation." The jury found against appellant's right to condemn the land, and the court rendered judgment accordingly, from which judgment an appeal is prosecuted.

This court has held in a number of cases that the statutory proceeding to condemn land for right-of-way for railroads is special to ascertain the compensation to be paid the owner for the land to be taken, and that no provision is made for an issue upon the right to condemn. *Neimeyer & Darragh* v. *Little Rock Junction Ry. Co.*, 43 Ark. 111; *Reynolds* v. *Ry. Co.*, 59 Ark. 171; *Mountain Park Terminal Co.* v. *Field*, 76 Ark. 239; *Pine Bluff & Western Ry. Co.* v. *Kelly*, 78 Ark. 83; *Gilbert* v. *Shaver*, 91 Ark. 231.

In *Mountain Park Terminal Co.* v. *Field, supra,* we held that, while the sole object of the statutory proceeding was to ascertain the amount of damages for taking land, the owner is not without remedy where his land is sought to be taken for purposes other than public use, and that courts of equity will mould an adequate remedy by injunction, in order to give relief to the land owner. Judge Battle, in delivering the opinion of the court, said: "Courts have the power to determine whether a particular use for which private property is authorized by the Legislature to be taken is in fact a public use (citing authorities). As an incident to this power, in the absence of a statutory remedy, a court of equity has the power to restrain a railroad corporation from taking property for a private use."

Counsel for appellant insist that this rule of procedure does not apply in the present case, because appellant was seeking to condemn land outside of what they termed the six-rod limit. A section of the statute, as to the exercise of the right of eminent domain by a railway corporation, provides that such corporation is authorized to lay out its road, "not exceeding six rods wide, and to construct the same, and for the purpose of cuttings, embankments and procuring stone and gravel may take as much more land, within the limits of the charter, in the manner provided hereinafter, as may be necessary for the proper construction and security of the road." Section 2940, Kirby's Digest.

The preceding section of the same statute reads as follows:

"Sec. 2939. To purchase, and by voluntary grants and donations receive and take, and by its officers, engineers and surveyors and agents enter upon and take possession of and hold and use, all such lands and real estate and other property as may be necessary for the construction and maintenance of its railroad and stations, depots and other accommodations necessary to accomplish the object for which the corporation is created; but not until the compensation to be made therefor, as agreed upon by the parties, or ascertained as hereinafter provided, be paid to the owner or owners thereof, or deposited as hereinafter directed, unless the consent of such owner be given to enter into possession."

The object of section 2940 is to fix the maximum width of the right-of-way for the purpose of laying out the railroad, and the railway corporation is not authorized to take more than that. *McKennon* v. *St. Louis, I. M. & S. Ry. Co.*, 69 Ark. 104. This limitation does not apply to lands to be used for "stations, depots and other accommodations necessary to accomplish the object for which the corporation is created," for the preceding section expressly provides for that, and no limit is fixed further than the necessity of the railway company in accomplishing the object of its creation. Counsel rely on the McKennon case, *supra,* as sustaining their view, but the court merely held that the railway company had no right to inclose and hold land, as part of its right-of-way, beyond the six-rod limit, the court basing its conclusion on section 2940 of the statute above quoted.

No answer was filed by appellees, putting in issue appellant's

right to condemn the land. This court has held that a cross-complainant, by going into trial on his cross-complaint without insisting on answer thereof, waives the failure to answer, and elects thereby to treat all the allegations of his cross-complaint as having been denied and put in issue; but that rule cannot apply in a case of this kind, for the reason that no answer is necessary in a condemnation case, the amount of the damages being the only question involved. *Bentonville Ry. Co.* v. *Stroud,* 45 Ark. 278.

In order for appellees to have obtained the relief pointed out in the cases cited above, they should have filed a plea setting forth the facts relied on to entitle them to such relief, and then asked for a transfer of the case to the court which can give such relief.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.