BUTLER COUNTY RAILROAD COMPANY *v.* ST. LOUIS, KENNETT & SOUTHEASTERN RAILROAD COMPANY.

Opinion delivered February 11, 1918.

1. EMINENT DOMAIN—DAMAGES—JURISDICTION.—Damages in condemnation proceedings must be determined in the circuit court, the proceedings being strictly statutory and legal. Equity will interfere by injunction only when an attempt is made to take property for private instead of public purposes. In order to invoke this equitable interference, the bill or cross-bill must state facts from which a court can draw conclusions; the statement of conclusions is not sufficient.

2. EMINENT DOMAIN—CONDEMNATION OF RIGHT-OF-WAY ACROSS RAILWAY TRACK—EQUITY JURISDICTION.—Plaintiff railway company brought condemnation proceedings to condemn a right-of-way across the track of defendant railway company. Defendant an-

swered, setting up that plaintiff sought to condemn for a private purpose only. The cause was transferred to equity, where the complaint was dismissed. *Held,* the fact that private purposes are to be subserved does not exclude the right of the public to enjoy the utility, and that the allegations of the answers were insufficient to warrant a transfer of the cause to equity, and that the decree dismissing the complaint was erroneous.

Appeal from Clay Chancery Court, Eastern District; *Archer Wheatley,* Chancellor; reversed.

*G. B. Oliver,* for appellant.

1. The court erred in transferring the cause to the chancery court. The proceeding to condemn a right-of-way is statutory, and can only be determined in the circuit court. Where the land is sought for other than a public purpose, equity will relieve by injunction. 43 Ark. 111; 59 *Id.* 171; 76 *Id.* 239; 78 *Id.* 83; 91 *Id.* 231; 99 *Id.* 61; 102 *Id.* 492; 104 *Id.* 344.

2. No affirmative relief is asked by appellee, and its cross-complaint is not sufficient to entitle it to have the cause transferred to equity. 104 Ark. 344, 352.

3. Appellant was entitled to condemn the right-of-way for public purposes. 104 Ark. 344; 57 *Id.* 359; 97 *Id.* 86. The testimony shows that the right-of-way was sought for public purposes and not merely for private use.

HUMPHREYS, J. The appellant, Butler County Railroad Company, is a Missouri railroad corporation, authorized to construct, maintain and operate a railroad for public use within Arkansas, commencing at Poplar Bluff, Missouri, and running to Piggott, Arkansas. Appellee, Missouri, Kennett & Southeastern Railroad Company, is also a Missouri railroad corporation authorized to construct, maintain and operate a railroad for public use from Kennett, Missouri, to Piggott, Arkansas. The railroads were built and each has a main track in Piggott, Arkansas, running almost parallel in a southeasterly direction, connected by interchange tracks. Meyers Stave & Manufacturing Company is located in a northeasterly direction from the main tracks, the main track of appellee being between the main track of appellant and the stave

manufacturing company. The stave manufacturing company purchased timber up and down both railroads for a great distance and shipped its finished product out on both roads. Appellant company delivered the raw material consigned to the stave company, and received its shipment of finished product from the stave company through the aid of appellee company on a switching charge basis. In other words, after appellant brought raw material to Piggott for the stave company it was carried over the interchange track and over appellee's spurs to the stave company on a switching charge basis of seventy-five cents a car. On account of switching the raw material in, it caused a delay of about two days on incoming freight; and the same method and delay obtained as to the outgoing shipments of finished products. A shuttle factory, temporarily shut down, was similarly situated. Berry shippers were in like condition. An ice plant was in contemplation of construction in the same locality, which would suffer the same inconveniences if built.

Appellant desired to build a direct spur from its own main track across the main track and right-of-way of appellee to that part of the town in which the stave factory and shuttle factory were located. In aid of that desire, it instituted suit in condemnation against appellee in the Clay Circuit Court for the Eastern District, making all necessary allegations required by statute in condemnation proceedings. It sought to condemn the following lands, towit: Beginning at a point in the east line of the Butler County Railroad right-of-way one hundred and one (101) feet south of the north line of the southwest quarter of the southwest quarter of section 11, township 20 north, range 8 east, running thence southeasterly on a fifteen-degree curve to the left, crossing the center line of the main line of the St. Louis, Kennett & Southeastern Railroad, at a point 159.8 feet south of the north line of the said southwest quarter of the southwest quarter of section 11, and intersecting the east right-of-way line of the St. Louis, Kennett & Southeastern Railroad at a point 223.5 feet south, 28 degrees and 15 minutes

east of a point in the north line of the southwest quarter of the southwest quarter of section 11, township 20 north, range 8 east, 603.4 feet east of the northwest corner thereof, all being a part of the*southwest quarter of the southwest quarter of section 11, township 20 north, range 8 east, and which is more particularly shown by reference to a plat of said land hereto attached and made part hereof.

Appellee answered in substance that appellant was not attempting to condemn the land for public purposes, but for private use; and in an attempt to serve only one industry which was being served on a switching charge basis; that it sought to condemn the right-of-way to avoid the switching charges and for private gain only.   On motion of appellee, the cause was transferred to the chancery court, where the cause was heard and the complaint dismissed.   From the decree dismissing the complaint, an appeal has been prosecuted to this court.

The first question to be determined is whether the allegations in the answer are sufficient, if treated as a cross-bill, to have the cause transferred to equity.   Damages in condemnation proceedings must be determined in the circuit court, the proceeding being strictly statutory and legal.

Equity will interfere by injunction only when an attempt is made to take property for private instead of public purposes.   *Mountain Park Terminal Ry. Co.* v. *Field,* 76 Ark. 239.   In order to invoke this equitable interference, the bill or cross-bill must state facts from which a court can draw conclusions.   The statement of conclusions is not sufficient.   Paragraph 4 of the answer in the instant case is as follows:

"Defendant railroad, further answering, says that the plaintiff railroad does not seek to appropriate said defendant railroad company's land for public use or for any public purposes, but that it seeks to appropriate said lands for private use only.   Defendant railroad further says that there is located on defendant railroad's land and served by defendant an industry, said industry being

connected with said defendant railroad by spurs and connections; that said plaintiff railroad and defendant railroad are connected by certain tracks, that said railroads have established certain switching charges and cars are transferred from one railroad to the other; that said defendant railroad company can in every way serve properly said industry as referred to above; that said plaintiff railroad seeks for private gain only to cross said defendant's track, and not for public use or for any public purposes."

This answer is on a par with the answer and cross-bill in the case of *St. L., I. M. & S. Ry. Co.* v. *Fort Smith & Van Buren Ry. Co.,* 104 Ark. 344. In that case this court characterized the answer as a statement of a conclusion only, and in discussing its insufficiency said: "The fact that private purposes are subserved would not exclude the idea that the public may also participate in the enjoyment of the utility. The law gives all a right to use it on equal terms, and, as we declared in the recent case of *Ozark Coal Company* v. *Pennsylvania Anthracite Railroad Co.,* 97 Ark. 495, this makes the use a public one, even though private interests are primarily intended to be served." The allegations in the answer were insufficient to warrant a transfer of the cause from the circuit court to the chancery court.

We are also of the opinion that the evidence in this case establishes the fact that the spur, when built, will be for a public use. It will serve several industries and the shipping public in a more convenient and expeditious manner.

For the reasons indicated, the decree dismissing the complaint is reversed and the cause remanded with instructions to transfer it to the circuit court to ascertain the damages to which appellee is entitled.