BOSTLEMAN *v.* HUTCHINS.

Opinion delivered February 7, 1921.

MANDAMUS—COMPELLING JUDICIAL ACTION.—Mandamus will not lie to compel the chancery court to enter a decree by default, though it will lie to compel a court to entertain jurisdiction of a cause when it erroneously refuses to do so.

Mandamus to Woodruff Chancery Court; *A. L. Hutchins,* Chancellor; mandamus denied.

*W. J. Dungan,* for petitioners.

1. The chancellor erred in declining to exercise jurisdiction in the cause set out in the petition, although the defendant entered a general appearance by filing a demurrer to the complaint.

2. It was error to refuse to grant a default judgment. On October 9, 1920, the same being an adjourned day of court, after a general appearance and more than twenty days after the date of the general appearance, defendant not having filed any defense to the complaint. 103 Pac., July 7, 1909, *Olcese* v. *Justice Court, etc.,;* 139 Ark. 590; 91 *Id.* 231. See, also, 95 Ark. 302; 95 *Id.* 588; 35 *Id.* 276. The chancellor should have entered decree for default judgment, no defense having been filed. Acts 1915, p. 1081.

*Harry M. Woods,* for respondent.

Where a court has discretion, it can not be controlled by mandamus. This rule is so well settled as not to require citations. It is not the duty of the trial court to enter a default judgment regardless of discretion, on the first day of the term or at an adjourned day where the answer has not been filed. The chancellor has judicial discretion, and his discretion will not be controlled by mandamus. This is too well settled to need authorities cited.

HUMPHREYS, J. This is a petition in this court for a writ of mandamus requiring A. L. Hutchins, Chancellor of Woodruff Chancery Court, Northern District, to enter a default decree in a case pending in said court, wherein petitioners were plaintiffs and B. F. Crissman, a nonresident, was defendant. The petition filed in this court set out the pleadings, rulings and orders of the court as a basis for the issuance of the writ of mandamus, which are, in substance, as follows:

A bill in equity to cancel an alleged quitclaim deed to certain lands in said county, executed by petitioners to B. F. Crissman, of date March 20, 1916, on the ground that it was procured through fraud and without consideration.

A warning order, the appointment of an attorney *ad litem,* proof of publication of the warning order, and the report of the attorney *ad litem.*

General demurrer of B. F. Crissman to the bill, filed September 13, 1920, on the ground that the bill did not state facts sufficient to constitute a cause of action, in that neither the deed, nor a copy thereof, sought to be canceled as fraudulent, was filed with the complaint as an exhibit, although referred to therein as exhibit "A."

General motion of B. F. Crissman, filed on the same date as a demurrer, to dismiss the bill on the ground that he had not been properly served, in that the warning order was not indorsed on the complaint as required by the statute, and because it bore no date.

An order of the court, of date September 14, 1920, to the effect that the service was insufficient and a continuance of the cause for service, notwithstanding the contention of petitioners that the filing of the demurrer and motion constituted a general appearance of the said B. F. Crissman as respondent in the cause.

The withdrawal on the same date of the demurrer by the said B. F. Crissman.

The filing on the same date of a certified copy of the quitclaim deed referred to in the bill of petitioners.

Motion of the petitioners filed the 9th day of October, 1920, which was on a day of the September adjourned term of said court, for a decree by default, reciting therein the proceedings had and done in said cause and the fact that B. F. Crissman had not filed a response to the bill and had not asked further time to do so.

Petitioners contend for the issuance of a writ of mandamus upon the ground that the refusal to render a decree by default was in effect a declination to entertain jurisdiction of the cause, because of a mistake in the law. Petitioners invoke the rule announced in *Gilbert* v. *Shaver,* 91 Ark. 231, in support of their contention, which rule is as follows: "Where a chancery court erroneously decides, under a mistake of law, and not as a decision of

fact, that it has no jurisdiction in a case, and declines to proceed in the exercise of its jurisdiction, a mandamus to proceed will lie from the Supreme Court, unless there is a specific and adequate remedy by appeal or writ of error.'' In the case cited, the chancery court refused to entertain jurisdiction of the cause and transferred it to the circuit court. The record of the proceedings in the case between respondents and B. F. Crissman for the cancellation of the deed in question does not disclose that the chancery court, the respondent in this petition, refused to entertain jurisdiction of the cause. On the contrary, the court refused to dismiss the cause on the motion of B. F. Crissman and continued it for service. It is true that, on the 9th day of October, 1920, thereafter, the court overruled a motion on the part of petitioners for a decree by default, but a refusal to grant a decree by default is not in any sense a declination to entertain jurisdiction of a cause. The record does not affirmatively, or by necessary inference, show that the court refused to entertain jurisdiction of the cause. The petitioners have not brought themselves within the rule they invoke.

The petition for mandamus is therefore denied.