STATE HIGHWAY COMMISSION *v.* SALINE COUNTY.

4-7078                                       171 S. W. 2d 60

Opinion delivered May 17, 1943.

*Neill Bohlinger,* for appellant.

*Ernest Briner,* for appellee.

ROBINS, J. The Arkansas State Highway Commission filed in the county court of Saline county a petition in which it set up that a certain public road in that county

known as the "Benton-Bauxite road" was "a part of the Access Highway System," and that it was deemed necessary by the State Highway Commission of the State of Arkansas, acting as agent of the federal government, that certain changes, set forth in detail in the petition, in the location and width of said highway be made, and it prayed for an order of the county court making the changes in the location of said highway and condemning the necessary right-of-way therefor. The highway in question was one leading from Benton to the aluminum field at Bauxite, and apparently the federal authorities deemed the road important enough in the war effort to justify the national government in defraying the expense of improving it.

On April 28, 1942, the county court made an order granting the prayer of the petition and condemning the land required for the new right-of-way. Thereafter, on June 16, 1942, without notice to the State Highway Commission, the county court made an order modifying the order of April 28, 1942, so as to eliminate certain paragraphs therefrom, the effect of this modification being to make changes in the right-of-way adjacent to the land of B. A. Fletcher.

The State Highway Commission appealed from the last order, and on the hearing in circuit court the State Highway Commission introduced testimony tending to show that the changes in the highway route which were made by the county court were material ones, not approved by the Federal Bureau of Public Roads, and that after the original order was made by the court, and before it learned of the modifying order, the State Highway Commission had let a contract for the improvement of the road in accordance with the route as established in the original order. On behalf of appellee, testimony was adduced to show that the changes in the right-of-way made by the county court in the latter order were proper. The circuit court affirmed the modifying order of the county court, and the State Highway Commission has appealed.

The county court did not have the authority, on the original hearing of the State Highway Commission's petition, or thereafter, to make changes in the plans for the highway improvement or in the right-of-way therefor, as set forth in the petition of the State Highway Commission. The county court had the power to grant or deny the petition *in toto*, but it had no authority to make any changes in the project petitioned for by the State Highway Commission. The county court could have refused to exercise its power in procuring right-of-way for the improvement, but it could not, in exercising its power to condemn right-of-way, make of the project a different one from that petitioned for by the State Highway Commission.

The situation here is somewhat analogous to that presented in the case of *School District Nos. 14, 15, 44* v. *County Board of Education,* 177 Ark. 734, 7 S. W. 2d 798, in which it was held that neither the County Board of Education nor the circuit court on appeal had the power, in granting the petition of electors for a consolidation of certain school districts, to detach part of the territory which the petitioners sought to have embraced in the consolidated district and attach same to another district, thereby creating a different district from that prayed for in the petition. To the same effect is the decision in the case of *Faulkner County Board of Education* v. *Common School District No. 103,* 183 Ark. 846, 39 S. W. 2d 294, in which the circuit court, on appeal from an order of consolidation made by the County Board of Education, modified the order of the board of education by excluding from the consolidated district one small district, the territory of which was embraced in the consolidated district as prayed for in the petition. This court, reversing the judgment of the circuit court in that case, said: "The court should either have granted the prayer of the petition or have denied it entirely, . . ."

This was a condemnation proceeding brought by the State Highway Commission, and the power of the commission to initiate this proceeding has not been chal-

lenged. Since it had this power it also had discretion to determine the route and the location of the right-of-way. "A broad discretion is necessarily vested in those to whom the power of eminent domain is delegated, in determining what property is necessary for the public purpose, with respect to the particular route, line, or location of the proposed work or improvement; and the general rule is that the courts will not disturb their action in the absence of fraud, bad faith, or gross abuse of discretion. The landowner may not object merely because some other location might have been made or some other property obtained which would have been suitable for the purpose." 18 Am. Jur. 735.

In 29 Corpus Juris Secundum, p. 886, it is said: "Under a delegation of the power of eminent domain the grantee of the power, in the absence of legislative restriction, may determine the location and route of the improvement and of the land to be taken for it, and such determination will not be interfered with by the courts if it is made in good faith and is not capricious or wantonly injurious, or in some respects beyond the privilege conferred by the charter or statute."

Justice Butler, speaking for the court in the case of *Patterson Orchard Company* v. *Southwest Arkansas Utilities Corporation,* 179 Ark. 1029, 18 S. W. 2d 1028, 65 A. L. R. 1446, said: "While the Legislature has said that a right-of-way must be necessary for the exercise of the rights of the corporation taking it, the question of whether or not there was a necessity must necessarily be left largely to the discretion of the corporation itself, and, unless it clearly appears that such discretion has been abused and its actions arbitrary and to the unnecessary damage of property owners, the exercise of that discretion will not be disturbed."

There is nothing in the record that would justify a finding that, in selecting the route or the location of the right-of-way, the State Highway Commission acted in an arbitrary or capricious manner, and, in the absence of such a showing, the courts may not interfere with the exercise of this discretionary power by the commission.

The judgment of the circuit court is accordingly reversed and the cause remanded with directions to the circuit court to set aside the order made by the county court on June 16, 1942, modifying its order of April 28, 1942, establishing the right-of-way of the highway involved herein.