Burton *v.* Ward, Chancellor.[1]

4-9444                                      236 S. W. 2d 65

Beedeville Special School Dist. No. 28 *v.* Bone, Judge.[1]

4-9451

Opinion delivered January 22, 1951.

*Pickens, Pickens & Ponder,* for petitioner in case No. 4-9444.

*Kaneaster Hodges,* for petitioner in case No. 4-9451.

*Pickens, Pickens & Ponder,* for respondent.

Ed. F. McFaddin, Justice. Each of these cases is an original proceeding seeking a writ of mandamus for trial

[1] Although the terms of office of the Chancellor and the Circuit Judge have expired since the filing of the cases, nevertheless we have used the original styling as the relief sought is against the Court as such.

of a pending cause. The cases involve the same controversy and are therefore consolidated.

## FACTS

On July 8, 1950, Beedeville School District of Jackson County (hereinafter called "Beedeville") filed eminent domain proceedings in the Jackson Circuit Court against D. H. Burton and wife (hereinafter called "Burton"). The complaint alleged: that Beedeville had a two acre campus but needed an additional tract of 10.35 acres (definitely described) owned by Burton; that negotiations for purchase had been unsuccessful; and that Beedeville sought to exercise the right of eminent domain[2] to acquire the 10.35 acre tract. The prayer was that the Court enter an order taking the property for use of Beedeville and that a jury be impanelled to determine the amount Beedeville should pay Burton.

Burton filed answer and motion to transfer to equity in which pleading it was alleged "that the taking . . . is arbitrary, capricious, . . . not being done in good faith and is beyond the privilege conferred by the eminent domain Statutes of this State . . .; that it is not necessary for said school district to take said above described land; and that said tract of land is excessive for the use of said school district . . .; that said defenses are exclusively cognizable in equity . . .". The Circuit Court, on September 11, 1950, transferred the case to the Chancery Court. The Chancery Court, on October 24, 1950, transferred the cause back to the Circuit Court. Thereupon Burton, on November 13, 1950, filed in the Supreme Court case No. 9444 which is a petition praying that we issue a mandamus requiring the Chancery Court to take jurisdiction and hear the cause.

After the Chancery Court transferred the eminent domain proceedings back to the Circuit Court on October 24, 1950, as above mentioned, Beedeville, on November 15, 1950, applied to the Circuit Court to fix the

---

[2] The Statute giving a school district the privilege of eminent domain is § 80-403, Ark. Stats., which provides that the procedure in such a case shall be the same as for municipal corporations and counties, for which see § 35-901, *et seq.*, Ark. Stats.

amount of money Beedeville should deposit in order to make an immediate entry on the 10.35 acre tract. The Circuit Court refused to make such an order until case No. 9444 should be decided by the Supreme Court. Thereupon Beedeville, on November 24, 1950, filed in the Supreme Court case No. 9451, which is a petition praying that we issue a mandamus requiring the Circuit Court to assume jurisdiction of the eminent domain proceedings and fix an amount of money to be deposited in the registry of the Circuit Court preparatory to immediate entry on the 10.35 acre tract.

## OPINION

In the briefs it is conceded by both sides that the impasse between the Circuit Court and the Chancery Court arises because of the doubt on the part of the Chancery Court as to whether the Burton answer and motion to transfer to equity stated sufficient equitable defenses to deprive the Circuit Court of its usual jurisdiction in eminent domain proceedings. To sustain the Chancery jurisdiction Burton cites and relies on the following cases, *inter alia: Gilbert* v. *Shaver*, 91 Ark. 231, 120 S. W. 933; *Niemeyer et al.* v. *Little Rock Etc. Ry.*, 43 Ark. 111; and *Selle* v. *Fayetteville*, 207 Ark. 966, 184 S. W. 2d 58. To defeat the Chancery jurisdiction, Beedeville cites and relies on the following cases, *inter alia: St. L. I. M. & So. Ry.* v. *Ft. S. & V. B. Ry.*, 104 Ark. 344, 148 S. W. 531; *Butler Rd. Co.* v. *St. L. Rd. Co.*, 132 Ark. 426, 200 S. W. 1007; *Cloth* v. *C. R. I. & P. Ry. Co.*, 97 Ark. 86, 132 S. W. 1005; *Young* v. *Gurdon*, 169 Ark. 399, 275 S. W. 890.

This Court has frequently held that in an eminent domain proceeding in the Circuit Court, the only issue to be tried is the value of the property taken. In *Niemeyer, et al.* v. *L. R. Ry. Co.*, 43 Ark. 111, Justice EAKIN, speaking for this Court said of an eminent domain trial in Circuit Court:

"The proceeding under our statute is a special one, directed solely to the object of determining the compensation to be paid the owner of the property proposed to

be taken. No provision is made for any issue upon the *right* to condemn. . . .''

In *St. L. I. M. & S. Ry.* v. *Faisst,* 99 Ark. 61, 137 S. W. 815, Chief Justice McCULLOCH, speaking for this Court said:

"This court has held in a number of cases that the statutory proceeding to condemn land for right-of-way for railroads is special, to ascertain the compensation to be paid the owner for the land to be taken and that no provision is made for an issue upon the right to condemn." (Citing cases.)

In that case, the landowner had failed to file a motion to transfer to equity, where the right to condemn could have been questioned; and of such failure Chief Justice McCULLOCH said:

"In order for appellees (Landowners) to have obtained the relief pointed out in the cases cited above, they should have filed a plea setting forth the facts relied on to entitle them to such relief and then asked for a transfer of the case to the court which can give relief. . . .''

In *State Highway Comm.* v. *Saline County,* 205 Ark. 860, 171 S. W. 2d 60, the same rule—as to compensation for property taken being the only question in Circuit Court cases—was applied to highway condemnations. In *Selle* v. *Fayetteville,* 207 Ark. 966, 184 S. W. 2d 58, the late and beloved Justice FRANK G. SMITH, in his usual careful manner stated:

"Now the city had the right to determine what land it would condemn for airport purposes, and the quantity thereof, and if the case were tried at law, no question could have been litigated except the value of the land which it proposed to take. Had the property owners thought more land was being condemned than was required, or that land was about to be condemned which would not be devoted to airport purposes, but was being acquired for sale at a profit, an answer should have been filed raising those questions, with a motion to transfer to equity, as stated in the case of *St. L. I. M. &*

*S. R. Co.* v. *Ft. Smith & Van Buren R. Co., supra.* (*City of Richmond* v. *Carneal,* 129 Va. 388, 106 S. E. 403, 14 A. L. R. 1341).

"Upon the transfer to equity, had that relief been asked, not only could these questions have been determined, but the value of the land could have been adjudged, had the contention of the landowners been sustained, this being upon the theory that the Chancery Court having obtained jurisdiction for one purpose, would retain jurisdiction for all purposes. . . ."

Thus, it is clear that the landowner, in order to challenge the right or extent of the taking, may file answer and motion to transfer to equity, which is what Burton did in the case at bar. We have previously copied the pertinent statements in the Burton pleadings, which stated: that the taking was arbitrary, discriminatory; not being done in good faith; that it was not necessary for the school district to take the lands; and that the taking was excessive. Beedeville claims that these allegations are mere conclusions and do not contain a sufficient detailing of facts, and cites and relies, *inter alia,* on: *St. L. I. M. & S. Ry.* v. *Ft. Smith & Van Buren Ry.,* 104 Ark. 344, 148 S. W. 531, and *Butler County Rd. Co.* v. *St. Louis Rd. Co.,* 132 Ark. 426, 200 S. W. 1007. In each of these cited cases, there was involved only the matter of trackage of one railroad line across another railroad line, whereas, in the case at bar, 10.35 acres is involved as compared with an already existing campus of only two acres.

Under the facts in this case, wherein the proposed taking is more than five times the existing property, we hold that the allegations were sufficient to present the issue of the right to condemn and the extent of the taking; and that the alegations were sufficient to justify the transfer of the eminent domain proceedings to the Chancery Court; and that the cause should be tried in that forum. It follows that Burton's petition for mandamus to the Chancery Court is granted, and that Beedeville's petition for mandamus to the Circuit Court is

denied. Costs of both mandamus proceedings in this Court are to be paid by Beedeville.

Mr. Justice MILLWEE and Mr. Justice GEORGE ROSE SMITH dissent. Mr. Justice J. PAUL WARD disqualified and not participating.

MILLWEE, J. (Dissenting). I cannot concur in the conclusion of the majority that the landowners' answer was sufficient to invoke equitable relief. Apparently this conclusion was reached on the authority of the quoted statement from the case of *Selle* v. *Fayetteville*, 207 Ark. 966, 184 S. W. 2d 58.

While the majority dismisses the case of *St. L. I. M. & S. Ry. Co.* v. *Fort Smith & Van Buren Railway Co.*, 104 Ark. 344, 148 S. W. 531, because it only involved the matter of trackage of one railroad line across another, it will be noted that this case is the only Arkansas authority cited in support of the statement in the Selle case, which the majority so fondly embraces. Although many allegations of fraud are detailed on pages 349 and 350 of the opinion in that case, the court in reference thereto said: "They were too vague and indefinite, and amounted to only statements of conclusions which were not sufficient to warrant a restraint of appellee's right to exercise its charter powers." The question of the amount of land taken was not an issue in the case.

In 14 A. L. R. 1431, which is the other authority cited in the Selle case, the annotator states the following rule laid down by the authorities: "It is a general principle that the Legislature cannot authorize the taking of property in excess of that required for the public use, such excess to be sold or devoted to private use." As an abstract proposition of law the statement in the Selle case is correct although it is *obiter dictum* and the sufficiency of pleadings was in no manner involved therein. The statement that an excessive taking is sufficient to warrant equitable relief is, of course, based on the assumption that a proper pleading has been filed setting forth facts sufficient to warrant a conclusion that the taking is actually excessive. Can it be said that it is any

less a conclusion to say that the taking is "excessive," than to say that it is "arbitrary," "capricious," "discriminatory" or "wantonly injurious"? All the cases cited in the first paragraph of the opinion of the majority are authority for the well established rule that the answer must state facts from which a court can draw conclusions; and that the mere statement of a conclusion is not sufficient to invoke equitable relief.

In the case of *Niemeyer and Darragh* v. *Little Rock Junction Railway,* 43 Ark. 120, relied on by the landowners, this court upheld the action of the chancellor in refusing to enjoin the taking where the pleadings contained a more detailed statement of facts than is set forth in the instant case. See, also, *St. L. I. M. & S. Ry. Co.* v. *Faisst,* 99 Ark. 61, 137 S. W. 815.

Since the allegations of the answer do not set forth sufficient facts to invoke equitable relief, the chancellor was correct in declining to assume jurisdiction and in remanding the case to the circuit court for trial. The school district's petition for mandamus to the circuit court should, therefore, be granted.

JUDGE GEORGE ROSE SMITH concurs in this dissent.