RICHARDS *v.* MANER, JUDGE.

4-9574                                    240 S. W. 2d 6

Opinion delivered June 4, 1951.

*Ben M. McCray,* for petitioner.

*M. M. Little* and *W. A. Waddell,* for respondent.

GEORGE ROSE SMITH, J.   This is an application for a writ of prohibition to prevent the circuit court of Saline County from proceeding to hear a condemnation suit filed by the city of Benton.   The city brought the suit to condemn a small strip of petitioners' land for use as a city street.   The suit was at first transferred to equity, but on motion by the city the cause was retransferred to law. Petitioners filed a second motion to transfer to equity, which was overruled.   The circuit court set the case for trial, and the present petition was then filed.

In asking for a writ of prohibition the petitioners rely almost entirely upon our decision in *Burton* v. *Ward, Chancellor,* 218 Ark. 253, 236 S. W. 2d 65.   There, as here, the motion to transfer to equity set forth various grounds for chancery jurisdiction, such as that the proposed taking was arbitrary, capricious, excessive, etc. In the earlier case we issued a writ of mandamus requiring the chancery court to hear the case.

We think the cases plainly distinguishable.   In the *Burton* case the circuit court had transferred the suit to

equity, the chancellor had transferred it back to law, and the circuit court then declined to proceed. Thus an impasse was reached, each trial court insisting that the other had jurisdiction. The litigants were unable to obtain a trial in any court, and by mandamus we ordered the chancellor to assume jurisdiction.

Here the trial courts are in agreement. The chancellor has sent the case back to the circuit court, and that court proposes to proceed with the trial. Unlike the situation in the *Burton* case these petitioners are afforded the opportunity of a trial, but they insist that the hearing should be in chancery. It is settled, however, that the remedy for a refusal to transfer an action to equity is by appeal, not by prohibition. *Dunbar* v. *Bourland*, 88 Ark. 153, 114 S. W. 467. As we said in *Bassett* v. *Bourland*, 175 Ark. 271, 299 S. W. 13: "The writ is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. To illustrate: The circuit judge certainly had jurisdiction to pass upon the motion to transfer to equity the case pending in its court. If it erroneously transferred the case to equity, prohibition is not the remedy. It can be corrected only on appeal." We then went on to point out that the party objecting to the transfer should have saved his objection and preserved his point for consideration by this court on appeal from the trial court's final judgment.

The writ is denied.

ED. F. McFADDIN, Justice (Dissenting). The majority opinion seems to admit that the basis for equity jurisdiction in the case at bar is our holding in *Burton* v. *Ward*, 218 Ark. 253, 236 S. W. 2d 65; but the majority opinion attempts to distinguish the case at bar from that case, by saying that prohibition cannot be used as a substitute for appeal.

That statement—that prohibition cannot be used as a substitute for appeal—is good law when, and only when,

appeal will provide an adequate remedy. In *Faver* v. *Golden,* 216 Ark. 792, 227 S. W. 2d 453, this Court, in issuing a writ of prohibition, said:

"Issuance of the writ depends on the inadequacy, rather than the absence, of the remedy by appeal. *Monette Road Imp. Dist.* v. *Dudley,* 144 Ark. 169, 222 S. W. 59. Hence, we have held that the great expense of money and length of time required in an election contest render the remedy by appeal inadequate as to petitioners. *Murphy* v. *Trimble, Judge,* 200 Ark. 1173, 143 S. W. 2d 534."

In the case at bar appeal is not an adequate remedy: in fact, it is no remedy at all. Preliminary to the trial on the value of the property in controversy, the Circuit Court has made an order of entry (pursuant to Sec. 35-902, Ark. Stats.), by the terms of which the city can enter and take the property upon depositing $400.00 in the registry of the Court. The execution of that order of entry is what the majority is refusing to prohibit. The majority is thus allowing the city to enter the property and convert it into a street.

After the Circuit Court jury shall have finally fixed the value of the property so taken, the majority says the property holder can *then* appeal and have this Court determine whether the property holder's motion, to transfer to equity, should have been granted. Allegations, similar to those here made, were held sufficient for equity jurisdiction in *Burton* v. *Ward (supra)*. So if we follow that case, we will finally determine that this case should have been transferred to equity, in which forum the landowner could have introduced his evidence to support his allegations that the taking was arbitrary, capricious, etc.

But what of the condition of the landowner's property at the time we finally determine such appeal? The property will have been used as a street for many months; and the restoration of the property to a lawn, or orchard or similar use, will be practically impossible. So theoretically the "remedy by appeal" sounds nice: but practically, it is not adequate in a case like this one, wherein the taking of the property cannot be superseded pending the determination of the appeal.

Therefore, I think we should grant the writ of prohibition, in accordance with our holding in *Burton* v. *Ward (supra)*. Mr. Justice WARD joins with me in the views herein expressed.