CITY OF EL DORADO *v.* KIDWELL.

5-3025                                              370 S. W. 2d 602

Opinion delivered September 23, 1963.

*James Spencer, Jr.,* for appellant.

*Brown, Compton & Prewett,* for appellee.

ED. F. McFADDIN, Associate Justice. This is an eminent domain proceeding. The City of El Dorado filed action in the Circuit Court, seeking to take a strip of ground 10 feet wide for an out fall sewer line. The strip went through the appellees' lands for a considerable distance. In their answer to the condemnation proceeding, the appellees (Mr. and Mrs. Kidwell) stated:

"Further answering, the defendants state that the sewer line described in the Complaint is not for public purposes and will not be constructed by the City of El Dorado, but rather for the sole benefit of the owners and developers of what is known as the Tanglewood Addition, a new subdivision, and therefore there is no right of eminent domain in defendant's property."[1]

The Circuit Court proceeded to try the case on the issue joined; that is, whether the taking was for a public purpose. We have held that when the answer presents a defense cognizable in equity—as here—and yet both sides proceed to trial in the law court, then the transfer to equity is waived and, on appeal from the circuit court, we test the judgment on equitable principles. *Wilson* v. *White,* 82 Ark. 407, 102 S. W. 201, 12 Ann. Cas. 378; *Shane* v. *Dickson,* 111 Ark. 353, 163 S. W. 1140; *Hill* v. *Kavanaugh,* 118 Ark. 134, 176 S. W. 336. We apply the rules of these cases to the case at bar. After an extended hearing, the Circuit Court found that the complaint should be dismissed as without merit. From that judgment there is this appeal; and the City urges only one

[1] With this allegation in the answer, the proceedings in the cause should have been transferred to equity. We have repeatedly held that the only issue to be tried in the law court is the damages the landowner will sustain by the taking, and that when the question of the validity of the taking is presented, the cause should be transferred to equity. *Ozark Coal Co.* v. *Pa. Anthracite Rd. Co.,* 97 Ark. 495, 134 S. W. 634; *St. L. I. M. and S. R. Co.* v. *Faisst,* 99 Ark. 61, 137 S. W. 815; *Burton* v. *Ward,* 218 Ark. 253, 236 S. W. 2d 65.

point: ''The undisputed testimony establishes the City's right to take the property involved.''

The City proceeded under Ark. Stat. Ann. § 19-4101 *et seq.* (Repl. 1956) in filing this suit, and duly introduced the ordinance of the City Council, authorizing the City Attorney to file the eminent domain proceedings. By answer, the defendants (appellees) denied the necessity of the taking, and, in effect, claimed that such taking was not for a public purpose. In *Wollard* v. *State Highway Comm.*, 220 Ark. 731, 249 S. W. 2d 564, we said that the landowners ''shouldered a heavy burden of proof in attempting to persuade the courts'' that the taking was not for a public purpose. The burden was not on the City to prove the public purpose—the statute under which the City proceeded and the resolution of the City Council accomplished that purpose. Rather, the burden was on the landowner to prove that the taking was not for a public purpose; and with such burden understood, we examine the evidence.

The principal evidence of the landowner was directed to two points: (1) the proposed right of way would run diagonally through the landowners' property and interfere materially with the present and future use of the lands; and (2) a new addition was being developed and this sewer line would be for the private benefit of those developers and not for the benefit of the general public.

As to the first point, the City offered to vary the proposed right of way to lessen the appellees' damages; and the amount of the damages, with the change in location, is yet to be determined. So this first point is not a ground for denial of eminent domain. The second point is the real issue. It is true that a private developer is opening an addition; but already one or more residences have been constructed, and this proposed out fall line is shown to be the most feasible way for the City to handle the sewer problem. The Legislature has given the City the right of eminent domain for the purpose of acquiring rights of way for sewer lines; and the fact, that some individual developer of an addition will incidentally benefit by the sewer line, does not destroy the power of the

City to exercise eminent domain for a right of way for a suitable sewer line. *Cloth* v. *C. R. I. & P. R. Co.*, 97 Ark. 86, 132 S. W. 1005, Ann. Cas. 1912C 1115.

On a full review of the entire record, we conclude that the landowners did not discharge the "heavy burden" resting on them to prove that the taking was arbitrary or unlawful; so the judgment is reversed and the cause remanded for the entry of an order of condemnation and the assessing of the damages suffered by the appellees; and the costs of this appeal will be adjudged against the City, as the condemning party, since we test this case on equitable principles.