FORT SMITH & WESTERN RAILROAD COMPANY *v.* HARE.

Opinion delivered December 14, 1914.

1. CONDEMNATION—RAILROAD DEPOSIT OF MONEY.—Under Kirby's Digest, § § 2955 and 2956, providing for the making a deposit in court, subject to the court's order, in condemnation proceedings, the deposit is to remain as security to the land owner for the compensation that may be finally awarded to him, and is subject to the court's order as the sum may be inadequate or too much, according to the court's final order.

2. CONDEMNATION—DEPOSIT.—In condemnation proceedings money deposited in a bank under Kirby's Digest, § 2955, is deposited subject to the order of the circuit court, and none of the parties to the proceeding has a right to withdraw that deposit without an order of the court, as it is contemplated that further proceedings be had before the money deposited should be paid to any one.

3. CONDEMNATION—DEPOSIT BY RAILROAD—LIABILITY—PAYMENT.—Where, in condemnation proceedings, money is deposited by a railroad company in a bank to the order of the court, under Kirby's Digest, § 2955, the railroad has no further control of the money, and is not liable, when the bank paid out the money improperly.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; modified and affirmed.

STATEMENT BY THE COURT.

This is the second appeal in this case. The opinion on the former appeal is reported in 104 Ark., at page 187, under the style of *Hare* v. *Fort Smith & Western Railroad Company,* and reference is made to that opinion for a complete and detailed statement of the facts and issues involved in the present appeal. We deem it proper, however, to make a brief statement here of the issues involved.

Shortly prior to the 28th day of June, 1901, the Fort Smith & Western Railroad Company instituted condemnation proceedings against Matt Grey, administrator of the estate of Mary A. Hare, deceased, Ella Hare, and others, for the purpose of obtaining a right-of-way over certain lands alleged to belong to them. On the 28th day of June, 1901, the circuit court made an order that the sum of $2,000 be deposited in the First National Bank of Fort Smith, Arkansas, subject to the order of the court for the purpose of making compensation to the defendants when the amount due them for the property sought to be appropriated should have been assessed according to law. The jury fixed a final award at the sum of $3,000 and judgment was rendered by the court upon the verdict, and that judgment recites as follows:

"Now, therefore, it is ordered, adjudged and considered that plaintiff take, have and hold possession of the said property above described, for its own use, and that of its assigns and successors, for the purposes aforesaid forever.

"And it is also adjudged that defendant have and recover of plaintiff, the sum of $3,000 and costs. And it is ordered that the sum of $................. deposited in court, be paid over to defendants, or to such one or more of them as shall establish his or their right to receive the same."

After this judgment was rendered Matt Grey, administrator of the estate of Mary A. Hare, drew a check

on the bank in which the $2,000 was deposited subject to the order of the court, the check being made payable to himself, and the bank paid him the money. No order of the court was made directing the bank to pay this money to him. The railroad company also paid him the sum of $1,000, the balance of the judgment.

At the time the condemnation proceedings were instituted and at the time the final award was made and judgment rendered on it, Mary A. Hare was an insane person and had before that time been duly adjudged insane by the probate court, and a guardian of her person and property had been appointed. Her condition was not disclosed in the condemnation proceedings, personal service being had upon her as if she were a sane person. It was not then known to whom the property belonged, but it was afterward adjudged to be the property of Ella Hare. She, by her guardian, instituted proceedings under section 4431 of Kirby's Digest, to vacate the judgment under the condemnation proceedings because she was a person of unsound mind and her condition did not appear in the record in the condemnation proceedings. The Fort Smith & Western Railroad Company alone was made a party defendant. The court sustained the demurrer to her complaint and dismissed her cause of action because the other defendants in the condemnation proceedings were not made parties to the action to set aside the judgment. This court, in our former opinion, held that Ella Hare could not maintain the action without making the other defendants to the condemnation proceedings parties to the proceeding. This court further held that the court should not have dismissed the complaint absolutely, and modified the judgment so as to dismiss the complaint without prejudice to a future action or suit by the plaintiff.

The plaintiff Ella Hare then instituted another action under section 4431 of Kirby's Digest to vacate the judgment in the condemnation proceedings, and all of the defendants in that suit were made parties. The court below granted the relief prayed for and after vacating

the judgment rendered in the condemnation proceedings, rendered judgment in favor of plaintiff against the Fort Smith & Western Railroad Company for the sum of $3,-000, together with interest thereon from the 22d day of October, 1901, this being the amount allowed for compensation for the land taken and damaged by the railway company for railroad purposes. To reverse that judgment the railroad company has prosecuted this appeal.

*C. E. & H. P. Warner,* for appellant.

The court erred in rendering judgment against appellant for the amount of the condemnation money, with interest thereon.

As to the $2,000, appellant paid that amount into court in accordance with its order and in strict compliance with the statute. Kirby's Digest, § 2955. This payment was an absolute discharge, *pro tanto,* of appellant's liability, and the money was thereafter in the custody of the court and subject to be paid out only on its order. Having deposited the money, as directed, and taken possession of the land condemned, appellant had no further interest in the money. 28 N. J. L. 162; 136 N. Y. 83; 32 N. E. 702; 22 Ohio St. 536; 2 N. J. Eq. 292; 73 N. Y. 560; 23 Vt. 226; 118 Pa. St. 515; 12 Heisk. (Tenn.) 621; 47 S. W. (Tenn.) 155.

*Winchester & Martin,* for appellee.

The court did not err in rendering judgment in favor of appellee for the value of the land at the time it was condemned, with interest. The court said on former appeal that if the judgment should be set aside appellee would be entitled to recover damages for the condemnation of the land. 104 Ark. 187-195. If appellee had been under no disability she would have been bound by the judgment rendered in the condemnation suit. *Id.* But being at the time an imbecile, and sued and treated throughout that suit as a person of sound mind, she is in no wise bound by any step taken in that suit. 1 Black on Judgments, § 205.

HART, J., (after stating the facts). Section 9, article 12, of the Constitution of 1874, provides that, "No property nor right-of-way shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner in money, or first secured to him by a deposit of money," etc.

Section 2955 of Kirby's Digest provides that where the determination of questions in controversy in condemnation proceedings is likely to retard the progress of the work the court, or judge in vacation, shall designate the amount of money to be deposited by such company, subject to the order of the court, and for the purpose of making such compensation, when the amount thereof shall have been assessed, and that the judge shall designate the place of such deposit.

Section 2956 of Kirby's Digest provides that when such deposits shall have been made in compliance with the order of the court or judge, it shall be lawful for the railroad company to enter upon the land and proceed with its work.

In construing this section of the Constitution and the section of the statutes above referred to, in the case of *Reynolds* v. *Railway Company,* 59 Ark. 171, the court said:

"The Constitution and statute are unambigous. The purpose for which the deposit is required is apparent. By making the deposit the railroad company merely acquires the right to enter upon the land and proceed with its work pending an assessment of the damages. Its right to the property is not complete until the damages have been paid. The deposit is not made *for* the owner of the land, but, to the order of the court, to *secure* to him the payment of such damages as may be awarded by the jury."

In the case of *Reynolds,* Ex parte, 52 Ark. 330, the court, in regard to the section of the Constitution and sections of the statutes above referred to, said:

"The requirement that a deposit of money shall be made to secure the payment of compensation to the land

owner presupposes that the time is not ripe for payment, else no provision for security would be needed.

"It has been suggested that the clause means only a deposit of the assessment made by a jury in a condemnation proceeding as a provision for cases where the owner may refuse to accept the amount awarded as payment, or may be unknown, or not *sui juris*. It certainly covers these contingencies, and might easily have been restricted to them if it had been so intended. But the language employed does not restrict the meaning to such cases; it is general—compensation must be paid or secured in every case; and, pending proceedings to condemn, it is for the Legislature to determine when the deposit by way of security may be made."

See, also, *Kansas City Southern Railway Company* v. *Boles,* 88 Ark. 533.

(1) Thus it will be seen that the preliminary deposit is made subject to the order of the court and remains on deposit as security to the land owner for the compensation that may be finally awarded him. On the final hearing of the case the award may be increased and so the preliminary deposit may be insufficient to meet the award, and it would be necessary for the railroad company to pay an additional amount. On the other hand, the final award may be for a smaller sum than the amount deposited, and in that event the court would order a return of the excess to the railroad company. So, also, as was the fact in the case of *Reynolds* v. *Railway Company, supra,* the railway company might abandon its proposed route before entering upon the land and before any damage was done to the land owner, in which event it could file a motion for leave to dismiss its condemnation proceeding, and the court would order the amount of the preliminary deposit returned to it.

(2) In the case before us the preliminary deposit of $2,000 was placed in a bank subject to the order of the circuit court, and none of the parties to the proceeding had a right to withdraw that deposit without an order of the court. The final judgment in the case provided that

the amount deposited in the court should be paid over to the defendants or to such one or more of them as should establish his or their right to receive the same. This judgment contemplated further action on the part of the court before the money should be turned over to any of the defendants. It is not contended now by counsel for the plaintiff that the amount recovered on the final hearing of the cause was too small. On the other hand, it is conceded that the proof shows that that amount was the full value which should have been recovered as compensation for the land taken and damage done by the railway company. The only contention made by counsel for the plaintiff is that the railroad company should have paid the money to the legal guardian of Ella Hare. It will be noted, however, that the railroad company did not pay the money to any of the defendants, and as far as the record discloses, it had nothing whatever to do with the money being paid by the bank to Matt Grey as administrator of the estate of Mary Hare, who was the mother of Ella Hare.

(3) As we have already seen, the final judgment of the court contemplated that further proceedings should be had before the money deposited should be paid to any one. Matt Grey, as administrator of the estate of Mary Hare, deceased, drew a check on the bank in favor of himself for the amount of the preliminary deposit and that was paid to him. So far as the record shows, this was without the consent of the railroad company, and without any action on its part in that behalf. The amount so deposited was placed in the bank subject to the orders of the circuit court as security to the land owner for whatever sum might finally be awarded him as compensation for the land appropriated by the railroad company for its right-of-way. The railroad company had no further control over the money, and, having taken no part whatever in transferring the funds from the bank to Matt Grey, it is not liable to the plaintiff, Ella Hare, therefor.

A different question arises as to the $1,000. That amount of money was paid by the railroad to Matt Grey.

It follows from our decision on the former appeal that he was not entitled to receive it, and that it should have been paid to the guardian of Ella Hare.

It also follows that the judgment of the circuit court will be modified, and the cause of action of the plaintiff for the $2,000, the amount of the preliminary deposit, will be dismissed here; and the judgment of the circuit court for $1,000 and interest will be affirmed.