JUSTICE v. GREENE COUNTY.

4-3930

Opinion delivered July 8, 1935.

Partlow & Rhine, for appellant.

Carl E. Bailey, Attorney General, Thomas Fitzhugh, Assistant, and Neill Bohlinger, for appellee.

HUMPHREYS, J. This is an appeal from a judgment condemning a right-of-way or an extension of State Highway No. 25 through six and one-half acres of land belonging to appellant adjacent to the city of Paragould in Greene County, under § 5249 of Crawford & Moses'

Digest, which reads as follows: "The county court shall have power to open new roads, to make such changes on old roads as they may deem necessary and proper, and to classify the roads and bridges in their respective counties for the purpose of this act, and when the change shall be made or any new road opened, the same shall be located on section lines as nearly as may be, taking into consideration the convenience of the public travel, and first class roads hereafter established or opened shall not be less than fifty feet wide, and an appropriate order of the county court shall be made and entered of record therefor. If the owner of the land over which any road shall hereafter be so laid out by the court shall refuse to give a right-of-way therefor, or to agree upon the damages therefor, then such owner shall have the right to present his claim to the county court, duly verified, for such damages as he may claim by reason of said road being laid out on his land; and, if he is not satisfied with the amount allowed him by the court, he shall have the right of appeal as now provided by law from judgments of the county court; provided, however, no claim shall be presented for such damages after twelve months from the date of the order laying out or changing any road; provided, further, that when such order is made and entered of record laying out or changing any road, the county court or the judge thereof shall have the right to enter upon the lands of such owner and proceed with the construction of such road. Provided further, all damages allowed under this act shall be paid out of any funds appropriated for roads and bridges, and, if none such, then to be paid out of the general revenue fund of the county."

The judgment of condemnation was rendered by the county court of said county on the 7th day of June, 1934, in which appellant was allowed one year from that date to file a claim for damages in said court. An appeal was taken from the county court, and the validity thereof attacked on the ground that the appropriations of the county for the fiscal year of 1934 for other purposes exceeded the revenues assessed by $7,605.73, leaving nothing with which to pay appellant any damages. On the

trial in the circuit court, appellant introduced proof tending to show that the revenue to be derived from all sources in the fiscal year of 1934 had been appropriated for other purposes, leaving nothing with which to pay his claim. Under this proof, the circuit court dismissed appellant's appeal, and sustained the judgment of condemnation rendered by the county court, from which is this appeal.

It is contended by appellant that the trial court erred because the condemnation judgment offered him no assurance that he would receive just compensation for the land taken and appropriated by the county for public use. The judgment amply protected him by giving him one year after taking his land to file his claim for damages. The statute under which it was taken provides that his damages may be paid out of the general revenue of the county or out of the road and bridge fund. Proof that these funds had been exhausted for the fiscal year of 1934 would and could not prevent him from ultimately collecting his damages out of these or other available funds. He was given until June 7, 1935, to file his claim, and it follows that he would have such further time as necessary to litigate and establish it. For aught that appears in this record, he has not filed a claim, much less established it. Until these two things are done, it is not necessary for the county, in arranging its budget, to include therein his unestablished claim. It may be that his betterments equaled or exceeded his damages. In other words, he may not recover a judgment for any substantial amount. It would have been impossible at the time the land was taken or judgment rendered for the court to determine the amount of damages, and set aside any particular sum and segregate it from either fund to pay his damages. In taking the right-of-way, the county pledged its good faith and credit to pay appellant for it, but not necessarily out of the revenues collected in the fiscal year of 1934. It will be time enough for the county to include in its budget the amount of damages when, and if, appellant recovers a judgment.

There is no way for the county to escape paying such judgment as appellant may recover if he files and prose-

cutes his claim, as article 2, § 22, of our Constitution reads as follows.: ''The right of property is before and higher than any constitutional sanction, and private property shall not be taken, appropriated or damaged for public use without just compensation therefor.''

No error appearing, the judgment is affirmed.

SMITH, J., dissents; MEHAFFY and BAKER, JJ., absent and not participating.