MANN *v.* BALL, COUNTY JUDGE.

5-2648                                           356 S. W. 2d 643

Opinion delivered April 30, 1962.

*Eldridge & Eldridge*, for appellant.

*Lloyd Henry* and *Victor Nutt*, for appellee.

NEILL BOHLINGER, Associate Justice. The parties appellant are the owners of certain lands in Woodruff County and the appellee is the county judge and ex officio road commissioner of Woodruff County.

The appellants filed in the Woodruff Chancery Court their petition for an injunction to restrain the appellee from trespassing, entering upon, or taking for public use a roadway on their property.

The appellants state, in their petition, that the condemnation of a right-of-way on their lands would be capricious, arbitrary, and an abuse of discretion on the part of the appellee as the area involved is actively served at all points by county roads that have existed for many years and that all residents that would be served by a new road are now served by existing county roads. They further allege that the financial status of Woodruff County is such that the county lacked the ability to compensate them for damages they would sustain should this county road be established. They prayed a temporary injunction against the appellee from entering on their property until an order condemning the road had been entered on the records of Woodruff County and until the claims for damages had been adjudicated in accordance with their rights under the Constitution of the State of Arkansas.

A hearing was had before the chancellor who denied the petition for the restraining order and from that denial comes this appeal.

The appellants first allege that the condemnation of the right-of-way across their land would be capricious,

arbitrary and an abuse of discretion on the part of the appellee, and that the locality is at present adequately being served by existing county roads. Article 7, § 28 of the Constitution of Arkansas places the exclusive and original jurisdiction of all matters relating to county roads in the county court. Assuming, but not deciding, that the question of capriciousness, arbitrary action, or abuse of discretion might be raised in other proceedings, it is, nevertheless, not before us here as there has been no order of taking.

Appellants' Point No. 2 raises the question as to whether or not the refusal of the chancery court to grant the injunction prayed for would result in the taking of appellants' property without just compensation and Point No. 3 raises the question as to the financial ability of Woodruff County to pay for appellants' land when taken.

From the record before us it does not appear that there has been entered in the records of the Woodruff County Court any order designating the route of the proposed road, the extent of the taking of the appellants' property, nor the damages that would flow from such taking and no claim has been filed by the appellants with the county court. In this connection the case of *Justice* v. *Greene County,* 191 Ark. 252, 85 S. W. 2d 728, is pertinent.

"'* * * The statute under which it was taken provides that his damages may be paid out of the general revenue of the county or out of the road and bridge fund. Proof that these funds had been exhausted for the fiscal year of 1934 would and could not prevent him from ultimately collecting his damages out of these or other available funds. He was given until June 7, 1935, to file his claim, and it follows that he would have such further time as necessary to litigate and establish it. For aught that appears in this record, he has not filed a claim, much less established it. Until these two things are done, it is not necessary for the county, in arranging its budget, to include therein his unestablished claim. It may be that his betterments equaled or exceeded his damages. In

other words, he may not recover a judgment for any substantial amount. It would have been impossible at the time the land was taken or judgment rendered for the court to determine the amount of damages, and set aside any particular sum and segregate it from either fund to pay his damages. In taking the right-of-way, the county pledged its good faith and credit to pay appellant for it, but not necessarily out of the revenues collected in the fiscal year of 1934. It will be time enough for the county to include in its budget the amount of damages when, and if, appellant recovers a judgment.''

This case should be read with the case of *Miller County* v. *Beasley,* 203 Ark. 370, 156 S. W. 2d 791, as both of these cases are applicable to the facts here presented.

''It is our view that the act of taking is not complete when the judgment of condemnation is rendered. Since such judgment may be without notice, the lawmaking body must have had in mind an order of condemnation followed by entry upon the land. Such entry, being physical and visible, affords the proprietor an opportunity to exact payment or to require a guaranteeing deposit. *If there is neither payment nor deposit, resort may be had to injunction;* but should the proprietor stand by and permit the land to be occupied and the immrovement to proceed until substantial road work has been done, he is then relegated to the county's credit. The demand is against revenues for the year possession was taken, and all of the restrictions of Amendment No. 10 attach.'" [Emphasis added]

In the instant case, as in the *Justice Case, supra,* there has been no filing of a claim because in this case there is no way in which the appellants can arrive at the extent of their damage, nor can that be done until an order has been entered by the county court from which the appellants can determine the amount of their property which it is proposed to take and evaluate that taking, with their severance damages, drainage damage, and all of those elements which must be considered in arriving at damages when private property is being taken for public use. As we said in the *Justice* case, until these things.

are done, it is not necessary for the county, in arriving at its budget, to include therein unestablished claims.

The appellants state, however, that they are apprehensive that the county judge might surreptitiously move upon their lands and perform a great deal of work and damage their property before they could reach the ear of chancery. We do not think that fear is well grounded. If the county judge moved upon the lands of appellants in the manner contemplated in the hypothetical case which appellants present in their brief, his entry could of course be enjoined and damages would be assessed for any wrong that had been done by the entry. It is difficult to indulge the presumption that the county judge would expend a large sum of the public money in doing a piece of work which he would be enjoined from completing and which the public could not enjoy until the right-of-way damages had been paid or secured. Appellants' apprehension seems to be bottomed on some general discussion by the county judge as to the advisability of the road and we take note of the fact that if the landowner remains quiescent and permits the work to be completed on his land, he relegates himself merely to the status of a claimant on the county revenues. He must move promptly to protect his rights, but his alacrity must be bottomed on something more substantial than general conversation before a cause of action has accrued. As is said in 1 Am. Jur. 2d, Actions, § 90:

"* * * On the other hand, an action cannot be maintained if it is commenced before the accrual of the cause of action which is sought to be enforced." [Citing *Sullivan* v. *Arkansas Valley Bank,* 176 Ark. 278, 2 S. W. 2d 1096, 57 A. L. R. 296].

The chancellor found that the action was premature and with that finding we agree. The cause is, therefore, affirmed.