**A. B. DeSALVO et ux., Plaintiffs,**

v.

**ARKANSAS LOUISIANA GAS COMPANY, Defendant.**

**No. LR–64–C–144.**

United States District Court
E. D. Arkansas, W. D.

March 16, 1965.

Neil Weatherhogg, Larry S. Parnass, Irving, Tex., Griffin Smith, Little Rock, Ark., for plaintiffs.

Gordon & Gordon, Morrilton, Ark., for defendant.

HENLEY, Chief Judge.

This cause, commenced originally in this Court by citizens of Texas, against defendant, a Delaware corporation having its principal place of business in

Louisiana,[1] and authorized to do business in Arkansas, is now before the Court on motion of the defendant to dismiss for lack of jurisdiction. The controversy involves certain lands owned by plaintiffs in Conway County, Arkansas, and the complaint alleges that the amount in controversy is in excess of $10,000.[2]

The materials before the Court consist of the complaint, the summons with the Marshal's return thereon, the motion to dismiss together with a supporting memorandum, and copies of certain documents of record in Conway County, Arkansas, in connection with eminent domain proceedings in the Circuit Court of that County,[3] and a memorandum brief filed on behalf of plaintiffs in opposition to the motion to dismiss.

The complaint herein was filed on October 17, 1964. Prior to that time the defendant, which is engaged in the business of producing, transporting and marketing natural gas, had commenced in the Circuit Court of Conway County a condemnation suit against the plaintiffs for the purpose of imposing a pipeline easement upon and across plaintiffs' lands.[4]

The complaint in the State court alleged, among other things, that the gas company had tried unsuccessfully to obtain a right of way from plaintiffs, and that condemnation was necessary. It was further alleged that in order to avoid unreasonable delay and postponement of the construction of the pipeline it was necessary for the company to go upon the lands immediately for the purpose of clearing the right of way and laying the line of pipe. The prayer was for condemnation of the easement and for the entry of an order authorizing immediate entry upon the property conditioned upon the company filing an adequate surety bond for the protection of Mr. and Mrs. DeSalvo. The company prayed also that a jury be empaneled to assess damages.

On September 17, 1964, the Circuit Court, acting under authority of Ark. Stats. § 35–206 entered its order of immediate possession provided that the company filed an adequate bond. The order also provided that the case be tried before a jury "for the assessment of damages as soon as same can be reached on the calendar."

---

1. See unreported opinion of the writer in Calhoun County, Arkansas v. Arkansas Louisiana Gas Co., W.D.Ark., El Dorado Div., Docket No. Civ. 977.

2. The prayer for relief is for a money judgment in the sum of $10,001 plus costs.

3. The copies just mentioned are not certified, but plaintiffs have not questioned their genuineness and the Court accepts them as correct copies.

4. Ark.Stats.1947, § 35–601 et seq. confers upon natural gas companies organized under the laws of Arkansas the power of eminent domain to acquire rights of way for pipelines; the procedure to be followed is the same as the procedure followed by railroads in acquiring rights of way by the exercise of the power of eminent domain, which procedure is set out in Ark.Stats. § 35–201 et seq. The Arkansas statutes do not appear to grant foreign corporations, such as plaintiff, any power of eminent domain to acquire lands or interests in lands for pipeline purposes. However, section 7 of the Natural Gas Act of 1938, 15 U.S.C.A.

§ 717f, grants such power to gas pipeline companies transporting gas by means of interstate pipelines and holding certificates of convenience and necessity issued by the Federal Power Commission. The existence of such power in such corporations was recognized by the Supreme Court of Arkansas in Tennessee Gas Transmission Co. v. State ex rel. Atty. Gen., 232 Ark. 156, 335 S.W.2d 312. Proceedings under section 7 of the Act may be commenced in either State or Federal court if the defendant landowner claims that the property condemned is worth more than $3,000, but must be brought in State court if the claimed value of the property is less than $3,000. It is fairly inferable that Arkansas Louisiana Gas Co. holds a certificate of public convenience and necessity issued by the Commission, and that its action in the State court was authorized by the Natural Gas Act, although it may be remarked that the complaint in the State court does not specifically so allege. In any event, plaintiffs here do not assert that the defendant lacks power of eminent domain with respect to Arkansas lands.

Apparently the bond fixed by the Circuit Court was in the sum of $1,500; such bond seems to have been filed in due course, and the company went upon the property and did the work which it desired to do, including the laying of a pipeline across the property.

On or about October 2, 1964, Mr. and Mrs. DeSalvo filed their answer in the State court. In that pleading they challenged the necessity for the taking and the propriety of the condemnation and prayed that the complaint be dismissed. Alternatively, the landowners asked that they be awarded damages in the sum of $5,000 as compensation for the taking.

The record before this Court does not indicate that there have been any further proceedings in the State court, and presumably the condemnation suit is still pending there awaiting jury trial as to damages.

The complaint in the instant case after alleging diversity of citizenship between the parties and an amount in controversy in excess of $10,000, asserts ownership of the Conway County lands by plaintiffs and refers to the entry of the order of possession by the State court. Plaintiffs then allege that Ark.Stats. § 35–206, is violative of the due process clause of the 14th Amendment to the Constitution of the United States, and that the State court "is wholly without jurisdiction in this matter." Plaintiffs do not seek a stay of the State court proceedings or any equitable relief; they simply ask for a money judgment in the sum of $10,001 together with the costs of the action.

The motion to dismiss asserts that the Court lacks jurisdiction because it appears on the face of the complaint that the alleged claim does not arise under the Constitution of the United States and for the further reason that all issues involved herein are involved and fully determinable in the State court proceedings which have been abstracted. And in this connection defendant argues in its brief that in Arkansas a condemnation suit is considered to be an action in rem, citing Arkansas State Highway Commission v. Hammock, 201 Ark. 927, 148 S.W.2d 324.

■ In resisting the motion plaintiffs assert that federal jurisdiction is present here in view of diversity of citizenship and an amount in controversy in excess of $10,000; that as far as damages are concerned, the proceeding in the Circuit Court is an in personam action; that this is also an in personam action, and that the prior pendency of the State court proceeding is no obstacle to this Court's proceeding in this case.[5]

In considering the motion the Court has been somewhat in doubt as to whether the suit should be characterized as a suit for damages for trespass, with the proceedings in the State court being treated as a nullity, or as to whether it should be characterized as a mere effort on the part of the plaintiffs to have just compensation for the taking determined in this Court rather than in the State court. However, the Court is persuaded that regardless of how the suit should be characterized it cannot be maintained here and must be dismissed.

### I.

Any liability of defendant to plaintiffs on a theory of trespass must be based upon the premise that the order of possession entered by the Circuit Court of Conway County is void and is subject to collateral attack in this proceeding because if that order is valid or not subject to attack here, defendant cannot be held liable as a trespasser, although as will be seen the defendant must at some

---

5. As an abstract proposition, it is undoubtedly true that the pendency in a State court of an in personam action does not bar the maintenance in a federal court of the same action between the same parties; in such circumstances the case that first goes to trial and judgment is ordinarily res judicata in the other case. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; Rosenblum v. Trullinger, E.D. Ark., D.C., 118 F.Supp. 394.

316

stage and in connection with some proceeding pay just compensation to plaintiffs for the damages which they have sustained as a result of the taking.

The only attack on the Circuit Court order is the contention that the Arkansas statute upon which it was based violates the 14th Amendment to the Constitution of the United States. That contention is without merit if indeed it is not plainly insubstantial.

■■ The Fifth Amendment to the Constitution of the United States provides that private property shall not be taken for a public use without the payment of just compensation; the Fourteenth Amendment provides, among other things, that a State shall not deprive any person of his life, liberty, or property without due process of law. While the just compensation clause of the Fifth Amendment, as such, is a restriction on the powers of the federal government, that clause has been carried forward by construction into the due process clause of the Fourteenth Amendment so that the States, as well as the federal government, are prohibited from taking private property for public uses without just compensation. Nor can the State constitutionally authorize a public utility corporation to condemn private property for use by the utility without the payment of just compensation. See in this connection: 16A C.J.S. Constitutional Law § 646; Bailey v. Anderson, 326 U.S. 203, 66 S.Ct. 66, 90 L.Ed. 3; Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322; Hairston v. Danville & Western Ry. Co., 208 U.S. 598, 28 S.Ct. 331, 52 L.Ed. 637; Salganik v. Mayor & City Council of Baltimore, D.C.Md., 192 F.Supp. 897, 899; United States ex rel. Tennessee Valley Authority v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390; Scott v. Toledo, C.C. Ohio, 36 F. 385, 1 L.R.A. 688; Arverne Bay Construction Co. v. Thatcher, 278 N.Y. 222, 15 N.E.2d 587, 117 A.L.R. 1110; Simms v. Dillon, 119 W.Va. 284, 193 S.E. 331, 113 A.L.R. 787.

■ While the due process clause of the Federal Constitution does require the payment of just compensation for property taken in the course of State condemnation proceedings, it does not require that such compensation be ascertained and paid in advance of the condemnor going into possession of the property. It is sufficient if adequate provision is made for the ascertainment of the amount to be paid, and if ultimate payment is adequately secured. Bailey v. Anderson, supra; Yearsley v. W. A. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554; Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637; Cherokee Nation v. Southern Kansas Ry. Co., 135 U.S. 641, 10 S.Ct. 965, 34 L.Ed. 295; United States v. Cobb, 9 Cir., 328 F.2d 115; Barton v. Edwards, 120 Ark. 239, 179 S.W. 354.

■ The Constitution of Arkansas, Art. 2, section 22, like the Constitution of the United States, provides that private property shall not be taken for public use without just compensation. And Article 12, section 9, provides more specifically that no property or right of way shall be appropriated to the use of any corporation until full compensation therefor shall first be made to the owner in money, or first secured to him by a deposit of money, which compensation is to be determined by a jury of twelve men in a court of competent jurisdiction as prescribed by law.

Ark.Stats. § 35–206, which is here under attack, clearly conforms to the requirements of the Arkansas Constitution. The section provides that in condemnation proceedings brought by a utility corporation if it appears that the determination of questions in controversy is likely to retard the progress of the work, "the court * * * shall designate an amount of money to be deposited by such company, subject to the order of the court, and for the purpose of making such compensation, when the amount thereof shall have been assessed * * * and said judge shall designate the place of such deposit." It is further provided that when the deposit is made in compliance with the order, it shall be lawful for the utility to enter upon the lands in

question and proceed with the work through and over the lands in controversy prior to the assessment and payment of damages for the use and right taken and condemned.

The validity of which is now section 35–206, as far as the Arkansas Constitution is concerned, was established as early as 1889 in Ex Parte Reynolds, 52 Ark. 330, 12 S.W. 570; see also Reynolds v. Louisiana, A. & M. Railway Co., 59 Ark. 171, 26 S.W. 1039. Speaking of the statute, the Court in Ft. Smith & Western R. Co. v. Hare, 116 Ark. 10, p. 15, 172 S.W. 835, p. 837, said:

"(1) Thus it will be seen that the preliminary deposit is made subject to the order of the court and remains on deposit as security to the land owner for the compensation that may be finally awarded him. On the final hearing of the case the award may be increased, and so the preliminary deposit may be insufficient to meet the award, and it would be necessary for the railroad company to pay an additional amount. On the other hand, the final award may be for a smaller sum than the amount deposited, and in that event the court would order a return of the excess to the railroad company. So, also, as was the fact in the case of Reynolds v. Railway Co., supra, the railway company might abandon its proposed route before entering upon the land and before any damage was done to the land owner, in which event it could file a motion for leave to dismiss its condemnation proceedings, and the court would order the amount of the preliminary deposit returned to it."

When section 35–206 is read in connection with section 35–204, which provides that just compensation in a utility condemnation case shall be determined by a jury of twelve men, the Court is convinced that the section challenged by plaintiffs fully satisfies both substantive and procedural due process standards.

■ It may be argued that the Circuit Court did not comply with the statute when it permitted a bond to be given instead of requiring a deposit in cash, and it may be argued that the bond was inadequate in amount. But, even if those arguments be valid it would merely mean that the order was erroneous; such defects would not render the order void or subject to collateral attack, and certainly they would have no effect on the constitutionality of the statute.

## II.

■ As to whether this is a proper forum for the determination of the issue of just compensation, it may be noted that if statutory procedures for the determination of just compensation are constitutionally or otherwise inadequate, or if the acquiring agency ignores established procedures and seeks to take the property tortiously, or if the established procedures fail to make adequate provision to secure to the landowner ultimate payment of such compensation as may be awarded, the landowner is free to pursue common law remedies either to recover damages or to protect his property from the taking. 18 Am.Jur., Eminent Domain, § 380; 30 C.J.S. Eminent Domain § 394 et seq.

■ The same authorities also establish, however, that where adequate procedures are provided for the determination of just compensation in connection with the condemnation proceedings, and where such proceedings have been initiated by the acquiring agency and are pending, the remedy provided by those procedures is exclusive, and the landowner must secure just compensation in the condemnation proceedings unless it appears that the prescribed procedures are intended to be merely cumulative of the other rights and remedies.

That Arkansas is in accord with the general rules just stated seems clear. See Mann v. Ball, 234 Ark. 1122, 356 S.W.2d 643; Miller County v. Beasley, 203 Ark. 370, 156 S.W.2d 791; Campbell v. Arkansas State Highway Department, 183 Ark. 780, 38 S.W.2d 753; Butler

318

County R. Co. v. St. Louis, K. & S. E. R. Co., 132 Ark. 426, 200 S.W. 1007; Dobbs v. Town of Gilette, 119 Ark. 398, 177 S. W. 1141; St. Louis, I. M. & S. R. Co. v. B. Faisst & Co., 99 Ark. 61, 137 S.W. 815; Dickerson v. Town of Okolona, 98 Ark. 206, 135 S.W. 863, 36 L.R.A.,N.S., 1194; Board of Directors of St. Francis Levee District v. Reditt, 79 Ark. 154, 95 S.W. 482; Hughey v. Walker, 71 Ark. 644, 73 S.W. 1093; McKennon v. St. Louis, I. M. & S. R. Co., 69 Ark. 104, 61 S.W. 383; Organ v. Memphis & L. R. R. Co., 51 Ark. 235, 11 S.W. 96; Bentonville R. R. Co. v. Baker, 45 Ark. 252; Johnson v. St. Louis, I. M. & S. R. Co., 32 Ark. 758; Cairo & Fulton R. Co. v. Turner, 31 Ark. 494.

■ The procedure for the acquisition of pipeline rights of way by gas companies and for the determination of the damages or compensation to be paid for and on account of such acquisitions set forth in Ark.Stats. §§ 35–201 to 35–206 is complete in itself and is constitutionally adequate, as has been shown; there is nothing in those sections to indicate that the remedy thereby provided for the landowners is intended to be merely cumulative of common law remedies. Proceedings in accordance with the Arkansas statute have been commenced in the Circuit Court and are now pending there. In such circumstances the Court is convinced that plaintiffs here must seek just compensation for the taking in the State court action, and that this Court should not attempt to fix such compensation in this action.

### III.

■ The records in the Clerk's office reflect that on January 21 of the current year Mr. and Mrs. DeSalvo filed another suit against the gas company and against its pipeline contractor, Ford, Bacon & Davis Construction Co., alleging in substance that in connection with the construction of the pipeline across plaintiffs' property the contractor negligently conducted blasting operations which damaged a wine vat containing about 5,000 gallons of wine, which wine, having an alleged value of $15,000, was lost as a result of the damage to the vat; it is further alleged that the cost of repairing the vat will be about $2,000. (A. B. DeSalvo et ux. v. Arkansas Louisiana Gas Co. et al., E.D.Ark., W.Div., Docket No. LR–65–C–7.)

The claim asserted in that case has nothing to do with just compensation to be paid for the acquisition of the right of way in question, and the Court seems to have jurisdiction of that claim on the basis of diversity of citizenship and the requisite amount in controversy. The order which will be entered dismissing the instant case will have no effect on the right of plaintiffs to prosecute their latest suit to conclusion in this Court.