**Michael ELEOPOULOS et al., Plaintiffs,**

v.

**RICHMOND REDEVELOPMENT AGEN-CY and the City of Richmond, Defendants.**

**No. 72-1012.**

United States District Court, N. D. California.

Nov. 20, 1972.

Bold & Polisner, Jeffrey D. Polisner, Richmond, Cal., and Jackson, Turner, Endeman & Mulcare, with Wm. J. Turner, Burlingame, Cal., for plaintiffs.

Fitzgerald & Johnson, Herman H. Fitzgerald, San Francisco, Cal., for defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

WOLLENBERG, District Judge.

Plaintiffs have filed an action alleging a de facto taking of their property by

defendants without just compensation in violation of the 5th and 14th Amendments. Jurisdiction is alleged under 28 U.S.C. § 1331. The major actions which allegedly constitute a taking are as follows: On September 8, 1959, the City Council of Richmond, California adopted Resolution No. 7092. That resolution designated Redevelopment Area No. 10, which includes plaintiffs' two-story commercial building, declared that the area was blighted, and stated that redevelopment was necessary. Adoption of that resolution and attendant publicity, as well as direct notices, informed all owners and users of property in the area that public acquisition was imminent and demolition probable.

On December 27, 1962, on request of the Redevelopment Agency, the City Council adopted Resolution No. 8027. Under that Resolution, the Redevelopment Agency was given authority to review all applications for building construction or improvement permits in the redevelopment area. If such a proposed improvement did not conform with the preliminary redevelopment plan, the permit would be refused unless the City Council voted to issue it. In January, 1964, plaintiffs applied for remodelling permits. These permits were denied allegedly because they would have increased the value of plaintiffs' property; defendants allegedly refused to allow any remodelling costing more than $1,000.

On May 23, 1966, the City Council enacted Ordinance No. 169 N.S., which adopted the redevelopment plan, declared that the project area was blighted, and that condemnation would be necessary. Although plaintiff's property was designated for acquisition or condemnation, no condemnation action had been instituted when this suit was filed; to the Court's knowledge, none has been filed yet, although in a letter to plaintiffs dated November 15, 1966, defendants indicated an intent to acquire the property by November 15, 1967.

In addition, plaintiffs allege that defendants have acquired and demolished many buildings near their property;

that other buildings have been boarded up and subjected to vandalism; that streets have been closed in the area. As a result, they claim that a substantial interference, amounting to a taking, has occurred. They further allege that contrary to the requirements of Ordinance No. 169 N.S., they have not and will not receive just compensation for the taking of their property.

■■ These allegations raise a serious constitutional question which confers jurisdiction on this Court and states a claim upon which relief could be granted. Foster v. Herley, 330 F.2d 87 (6th Cir. 1964); Foster v. City of Detroit, D.C., 254 F.Supp. 655, aff'd 405 F.2d 138 (6th Cir. 1968); Ballard Fish & Oyster Co. v. Glaser Constr. Co., 424 F.2d 473 (4th Cir. 1970); Sayre v. United States, 282 F.Supp. 175 (N.D.Ohio 1967); Haczela v. City of Bridgeport, 299 F.Supp. 709 (D.Conn.1969).

The most serious challenge defendants make to this cause of action is that an adequate remedy exists under California law, and that consequently, no federal constitutional question is presented. See, e. g., Jimmie's Inc. v. City of West Haven, 436 F.2d 1339 (2d Cir.), cert. denied, 403 U.S. 931, 91 S.Ct. 2254, 29 L.Ed.2d 710 (1971). The Court recognizes the general rule that where adequate procedures are provided for the determination of just compensation, the remedy provided by those procedures is exclusive. De Salvo v. Arkansas Louisiana Gas Co., 239 F.Supp. 312 (E.D.Ark.1965). But that rule is applicable only where such proceedings have been initiated by the acquiring agency and are pending when the federal action is filed. (239 F.Supp. at 317) The record does not indicate that such action was pending when this suit was filed, or that plaintiffs did not allow the defendants a reasonable time to acquire their property before bringing this suit.

Moreover, although the Supreme Court of California in Klopping v. City of Whittier, 8 Cal.3d 39, 500 P.2d 1345, 104 Cal.Rptr. 1 (1972) has settled California law with regard to the elements of dam-

age that a property owner can recover in cases of condemnation and inverse condemnation, it cannot be said that plaintiffs' remedy under state law was adequate before *Klopping*. That decision was announced on September 22, 1972, four months after the complaint in this action was filed. Under similar circumstances, the 6th Circuit has specifically held that if jurisdiction was proper in the federal court when the action was filed, a change or definitive statement of state law does not affect the federal action. Foster v. City of Detroit, 405 F.2d 138, 144–145 (6th Cir. 1968).

In denying defendants' motion to dismiss, the Court is not unmindful of the course of action taken by the Fifth Circuit in Creel v. City of Atlanta, 399 F.2d 777 (5th Cir. 1968), where similar motions to dismiss were denied, but the federal action was stayed pending resolution of a previously-filed state condemnation suit. In the present posture of this case, however, the solution reached in *Creel* is not available.

The motion to dismiss is Denied.